## C. D. WOLF v. G. M. BRASS.
### No. 6098.

**1. Dedication—Alley.**—A dedication exists when there has been some act or declaration upon part of the owner of the fee indicating clearly his purpose to dedicate, followed by user by the public for the purpose indicated.

**2. Easement—Way.**—If the owner in fee convey lots with reference to an alley or street not then opened on land owned by him, the purchasers acquire an easement in the land designated as an alley or street, and have a right that the alley or street be kept open, regardless whether the public has used the way or not.

3.  **Conflict of Testimony.**—In cases of conflict of testimony ordinarily the action of the trial court upon the issue will be conclusive.

4.  **Same.**—See as to conflict in affidavits filed for and against allegations relied upon in motion for new trial.

APPEAL from Travis.   Tried below before Hon. A. S. Walker.

*Sneed, Pendexter & Burleson,* for appellant. — 1.   The appellant showed by great preponderance in the evidence that he and his vendors had had continuous adverse possession of the alley in rear of his lot for more than ten years before the suit was filed.   Guerin v. Patterson, 55 Texas, 124; Moore v. Anderson, 30 Texas, 224; Chandler v. Meckling, 22 Texas, 41; Willis v. Lewis, 28 Texas, 185; Wells v. Barnett, 7 Texas, 584; Sims v. Chance, 7 Texas, 561.

On question of surprise.   Delmas v. Margo, 25 Texas, 1; Laird v. Bass, 50 Texas, 412; Beauchamp v. I. & G. N. R. R., 56 Texas, 239.

On newly discovered evidence.   H. & T. C. R. R. Co. v. Forsyth, 49 Texas, 171, and authorities there cited.

*Rector, Moore & Thomson,* for appellee. — The statute of limitations does not run in favor of a private person who without any title encloses an alley way in the city of Austin.   Nau had no title to the alley.   2. Dillon on Mun. Corp., secs. 529, 530–1–2, and especially 533; Lane v. Kennedy, 13 Ohio St. Rep., 42 and 49.

Our Supreme Court commenced with The City of Galveston v. Menard, 23 Texas, 409, in which they hold that the statute of limitation runs against a city in favor of any one holding adverse possession of a street or alley.   Then they come to the La Grange case of Carter v. Town of La Grange, 60 Texas, 636, in which they hold that limitation does not run when the occupancy is by permission.   Then to the case of ———, in which they hold that limitation does not run against counties.   Coleman v. Thurmond, 56 Texas, 515; H. & T. C. R. R. v. Travis Co., 62 Texas, 17.

ACKER, JUDGE. — Prior to 1872, John T. McArthur owned lots four, five, and six, constituting the southeast quarter of block fifty-eight, in the city of Austin.   These lots lay north and south between an alley running east and west through the block on the north and Pine street on the south.   Trinity street lay east of the lots.

In 1872, McArthur cut the lots into tenements running east and west, fronting on Trinity street and extending back west one hundred and twenty feet to an alley eighteen feet wide taken off of the west side of lot four, extending from the alley running east and west through the block, south to Pine street.   It does not appear that McArthur executed a formal deed of dedication for this alley, but it does appear that in 1872 he sold three of the four tenements, and in his deeds of convey-

ance therefor expressly referred to and designated the alley. One of the tenements so conveyed was sold and conveyed to appellee by Bartholomew (McArthur's vendee) in April, 1886, the deed to him also referring to and designating the alley.

In February, 1874, McArthur conveyed to appellant's vendor the deed expressly referring to and designating the alley. The deed to appellant does not mention the alley, but conveys only one hundred and twenty feet back from Trinity street.

In January, 1872, McArthur conveyed to Robinson the north tenement next to the alley running east and west through the block, expressly referring to and designating the alley taken off of the west side of lot four.

In August, 1882, Robinson conveyed this tenement to the Milburn Wagon Company, the alley on the west being expressly referred to and designated in the deed.

Appellee owned the tenement between the Milburn Wagon Company's tenement on the north and appellant's tenement on the south.

In 1875 or 1876 appellant enclosed the alley back of his tenement, and sometime thereafter the Milburn Wagon Company enclosed the alley back of its tenement.

Appellee, Brass, brought this suit July 5, 1886, against the Milburn Wagon Company and appellant Wolf, for the purpose of compelling defendants to remove fencing and obstructions from the alley, and for injunction restraining them from ever closing the alley or using it for any purpose except that of a public alley.

Defendants answered not guilty of the trespass charged and pleaded the ten years statute of limitation. The trial was by the court without a jury and judgment rendered on December 2, 1886, to the following effect:

That the alley was dedicated to the public in 1872; that appellee owned the tenement described in his petition; that appellant and the Milburn Wagon Company had fenced up and obstructed the alley; that the alley be opened and all obstructions removed therefrom by the sheriff, and that defendants pay all costs. Defendant Wolf alone appealed. Under the third, fourth, and fifth assignments of error it is contended that the judgment of the court below is against the preponderance of the evidence, both on the question of the dedication of the alley and on the question of limitation of ten years.

We think the fact of dedication was abundantly proved. To constitute a dedication so as to estop the proprietor and his privies there need not be a formal grant by deed, nor is it necessary that use by the public should be continued for so long a time as to raise the presumption of a grant. It is sufficient if there has been some act or declaration upon the part of the owner of the fee indicating unequivocally his purpose to dedicate and the public has used the property for the purposes to which

the act or declaration of the proprietor indicates it was his intention to dedicate it.

That this alley is a part of the land to which McArthur owned the fee there is no controversy. In 1872 he executed several deeds expressly referring to the alley. There is no pretense that it was ever closed against the public until in 1875 or 1876. McArthur conveyed to appellant's vendor only 120 feet west from Trinity street, and it is clear that the land embraced in the alley was not included in this conveyance. Under the facts of this case we think it wholly immaterial whether there was a dedication of this alley to the use of the public or not.

Technically speaking, a dedication can be made to public uses only; but if the proprietor of the fee sells and conveys lots with reference to an alley or street not then opened on land owned by him, the individual purchasers thereunder acquire an easement in the land designated as an alley or street, and such alley or street becomes charged with the servitude incident to such easement. Such purchasers have, by virtue of the easement thus acquired, the right to have such street or alley kept open whether the public has or not accepted the dedication by some acts of *user.* Oswald v. Grenet, 22 Texas, 94; Wash. on Eas. and Serv., 181.

On the question of limitation it is sufficient to say that the evidence was conflicting. It was proved with reasonable certainty that Walker and Evans enclosed their lot across this alley from appellant's lot in the spring of 1875, and it was testified by several witnesses that appellant enclosed the alley within a few weeks thereafter. On the other hand, quite as many witnesses testified positively that the alley was not enclosed until in August or September, 1876. One of these witnesses, Bartholomew, having owned one of the tenements abutting on this alley, first noticed that the alley had been enclosed on September 11, 1876, and made a memorandum of the fact in his diary. This witness testified that the alley had been enclosed within a week preceding the date of the entry. In case of such conflict in the evidence this court will not disturb the judgment upon the conclusions of fact. We think the conclusion of the trial judge on this question is supported by the weight of the evidence.

The sixth assignment is: "The court erred in overruling defendant Wolf's motion for new trial on the ground of surprise as to the testimony of the witness E. C. Bartholomew and on the ground of newly discovered evidence, as shown in the motion of defendant Wolf for a new trial and in the affidavits in support of such surprise and newly discovered evidence."

It appears from the affidavit of appellant that the alleged surprise grew out of the facts that sometime before the trial he had a conversation with Bartholomew in regard to his testimony as to the time when the alley was enclosed, and that the witness then told him that he would testify that the enclosure was made not more than six or seven years before suit

brought, but that the witness did not inform him that he had made a memorandum in his diary of the time when the enclosure was made. Bartholomew testified that at the time of the conversation with appellant he had no recollection of the diary entry, and that if he had not found the entry he would have testified that the alley had not been enclosed more than six or seven years.

The legal effect of the testimony of this witness was the same whether he testified that the enclosure had been made six or seven years or nine years and ten months before suit brought, and we think it could not occasion surprise that would entitle appellant to a new trial on that ground.

Some of the parties who made affidavits in support of the motion for new trial on the ground of newly discovered evidence made quite as strong affidavits in support of appellee's opposition to the motion upon that ground. In support of his opposition to the motion for new trial on the ground of newly discovered evidence appellee read quite as many affidavits going to show that the alley was not enclosed until August or September, 1876, as appellant had offered tending to prove that the enclosure was made in the spring of 1875.

We do not think that the showing for new trial was sufficient. We find no error in the judgment and are of opinion that it should be affirmed.

*Affirmed.*

Adopted November 27, 1888.