## H. B. SANBORN v. CITY OF AMARILLO.

### Decided February 24, 1906.

**1.—Judgment—Affirmance.**

Where no other judgment than that rendered could have been rendered by the trial court upon the undisputed facts the Appellate Court will not discuss in detail the various assignments of error relating to the rulings of the court during the trial.

**2.—Dedication—Public Park—Map.**

Where the owner of land adjoining a town caused a map of the same to be made, designating it as an addition to the town, which map delineates the lots, blocks, streets and alleys, and one undivided block designated as a "Park;" and where the owner causes such map to be placed upon the deed records of the county and sells lots designated on said map by reference to the same, such facts constitute an irrevocable dedication of the block marked "Park" to the public use.

**3.—Same—Acceptance by City.**

Under the facts of this case a formal acceptance of the dedication by the city was not necessary. The dedication was sufficiently accepted by the public where some of its individual members acted upon the offer and purchased the lots with reference to the exhibited map.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*Reeder & Cooper,* for appellant.—To constitute a dedication of property there must be an offer to dedicate and an acceptance of the offer. Gilder v. City of Brenham, 67 Texas, 345; City of Galveston v. Williams, 69 Texas, 453; French v. Scheuber, 26 S. W. Rep., 133; People v. Reed, 15 Am. Rep., 22.

To constitute dedication by estoppel in pais in behalf of the public, the public must have been in use of the property for public park purposes. 9 American and Eng. Ency. of Law, p. 22; 2 Greenleaf on Evidence, par. 662.

The mapping and platting of an addition to a town and the filing of said plat for record only constitutes an offer to dedicate. City of San Antonio v. Sullivan, 57 S. W. Rep., 42; People v. Reed, 15 Am. St. Rep., 22.

Testimony tending clearly to show what was the intent of plaintiff with reference to an offer to dedicate should have been admitted. 13 Cyclopedia of Law and Proceeding, p. 452; Oak Cliff Sewerage Co. v. Marsalis, 69 S. W. Rep., 176.

It was a question of intent on the part of plaintiff as to whether the property was to be a "public" or "private" park. Ramthum v. Halfman, 58 Texas, 551.

*W. E. Gee* and *Madden & Trulove,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant brought this action against appellee in the form of trespass to try title to recover certain property in the city of Amarillo. The appellee answered, admitting that the

fee simple title to the premises in controversy was in appellant, but asserted a dedication upon the part of appellant, whereby the same had been set apart for the use of the public as a public park, and prayed judgment accordingly. There was also an intervention by another who had purchased property from appellant upon the faith of the alleged dedication. The case was tried before a jury and resulted in a verdict and judgment against appellant.

We think it unnecessary to enter into a detailed discussion of appellants' ninety assignments of error, since, as we view the undisputed facts, no other judgment than that rendered would have been authorized. Appellant owned an interest in section No. 170, and made or caused to be made a plat thereof into what is known as the Plemons Addition to the town of Amarillo, which plat delineates the lots, blocks, streets and alleys, and also a block numbered 155 and marked "Ellwood Park." This map, or a copy of the same, was placed in the deed records of Potter County, Texas, in volume 6, between pages 80 and 81, and marked "filed February 21, 1890." Appellant sold a great many lots in this and other additions to Amarillo in which he was interested and in many, if not in all, instances described the property by lot number and block number, as shown by map or plat of record. These facts are undisputed, and if they constitute upon the part of appellant an irrevocable dedication of the block marked "Ellwood Park" to public use, then this appeal is without merit and the judgment should be affirmed, irrespective of the numerous rulings of the court complained of.

In the late case of City of Corsicana v. Zorn, 9 Texas Ct. Rep., 296, our Supreme Court, through Mr. Justice Brown, said: "The effect of the deed then from Mrs. Zorn and her husband to the different purchasers of lots in Zorn's Addition was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys for the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchasers of the different lots, and through them in the public, was irrevocable."

In Lamar County v. Clements, 49 Texas, 347, it is said: "It has been repeatedly held by this court as well as by many others, that where the owner of land lays out and establishes a town and makes and exhibits a map or plan of the town, with streets and public squares, and sells the lots with reference to such plan, the purchasers acquire, as appurtenant to their lots, all such rights, privileges, easements and servitudes represented by such map or plan to belong to them, or to their owners; that the sale and conveyance of lots according to such map implies a grant or covenant for the benefit of the owners of the lots, that the streets and other public places represented by the map shall never be appropriated by the owner to a use inconsistent with that represented by the map, on faith of which the lots are sold, and especially so where the use to which the owner proposes converting them tends to lessen the

value of the lots thus sold." This principle, as applied to streets, alleys and other public places, permeates our decisions from the earliest times, and must be accepted as definitely settled. (Oswald v. Grenet, 22 Texas, 101; Preston v. Navasota, 34 Texas, 684; Wolff v. Brass, 72 Texas, 133; Parisa v. City of Dallas, 83 Texas, 257; City of Corsicana v. Anderson, 9 Texas. Ct. Rep., 65; Temple v. Sanborn, 14 Texas Ct. Rep., 745.)

This leads us to a determination of the further question of whether or not the designation of block 155 on the map as "Ellwood Park" necessarily dedicates the property to public use. We think this must be answered in the affirmative. In Price v. Plainfield, 40 N. J. L. R., 608, the Supreme Court of New Jersey, in speaking with reference to the word "Park" marked upon a plat of an addition to the town of Plainfield, said: "If the words 'Public Park' had been upon it no question would have arisen. But a park in a city means to the sense of every person a place open to everyone. It carries no idea of restriction to any part of the public or to any specific number of persons. Restrictions as to time of entrance or behavior of those entering are conceivable, but the idea that any class of the community is to be excluded would not be entertained primarily by any person in connection with the idea of a park within the limits of a city. That it was to be a place of public resort would be the impression which any person would receive by looking at the map in this case, delineating a tract of sixty acres with streets and a square or block, upon which is marked 'Park.' The grantee in a deed made by reference to it has a right to so understand it. Neither the grantors nor any person claiming under them can come in and against any such grantee or against the public set up an intent differing from that which the word adopted naturally imports. There is no such uncertainty of meaning as will let in parol testimony to vary or modify it. If the grantors had a different intention, that should have appeared from the papers themselves. The popular and natural meaning should have been so modified in accordance with such intention. I think that all parol testimony of such intention was incompetent to vary the purport of the mapping, filing and conveyances, and that a dedication was conclusively effected by such acts." To this effect the authorities are almost, if not wholly uniform. (Mayor v. Ford, 43 N. J. L. R., 292; Steel v. City of Portland, 31 Pac. Rep. (Ore.), 479; Rhodes v. Town of Brightwood, 43 N. E. Rep. (Ind.), 942; Ehmen v. Village of Gothenburg, 70 N. W. Rep. (Neb.), 237; Archer v. Salinas City (Calif.), 16 Law Rep. Ann., 145; Fessler v. Town of Union, 56 Atl. Rep. (N. J.), 272.)

In this country the word "park" written upon a block of land represented upon a map or plan of a city or town is as significant of a dedication to the public as the word "street" written on such plan. The popular and natural meaning of the term when so used, is a place set apart for the enjoyment, comfort and recreation of the inhabitants of the city or town in which it is located, and this significance is unequivocal, and the grantor in such instance can not be heard to say that he entertained a different, secret intention. And, as will be seen from an examination of the authorities above, the legal effect of such platting, filing and selling with reference thereto, is not varied by the fact

that the word "park" is preceded by some qualifying word, as "Morris Park," "Annette Park," "Ehmen Park" or "Ellwood Park."

The dedication then being complete and irrevocable on the part of appellant, it becomes immaterial whether the city of Amarillo ever formally accepted the dedication, so far as its right to maintain the defense of dedication to the public is concerned. Appellant's offer to dedicate was sufficiently accepted by the public when some of its individual members acted upon the offer and purchased with reference to the exhibited maps. Nor could the facts, if proved, that appellant had rendered the property for taxes and paid taxes thereon as belonging to himself, have changed the result. Neither the city officials nor any other public officials would have any power to defeat the right of the public in property thus dedicated to public use. (Gillean v. City of Frost, 61 S. W. Rep., 345.)

Since the principles herein announced, which are abundantly supported by authority and believed by us to be sound, necessarily dispose of every contention adversely to appellant, the judgment of the District Court is in all things affirmed.

*Affirmed.*

Writ of error refused.