CITY OF TYLER v. W. F. BOYETTE.

*Decided October 10, 1906.*

**Streets and Alleys—Dedication.**

When an owner of land lays out and establishes an addition to a city and makes, exhibits and files in the county clerk's office a plat of said land, including in the plat streets and alleys, and sells the lots with clear reference to that plat, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege and advantage which the plat represents as belonging to them, as part of the town, and title vests in the city in order that it may keep said streets in such a condition as that the traveling public may with safety pass over and along said streets.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson. ·

*R. P. Dorough,* for appellant.—The court erred in rendering judgment for the defendant because the evidence shows beyond any controversy that H. H. Rowland, the original owner, made a plat of that portion of said city in which the street in controversy is situated; that he placed said plat on record in the office of the county clerk of Smith County, and sold lots with reference to said plat, thereby vesting in the city of Tyler the title to the streets shown in said plat. City of Corsicana v. Zorn, 78 S. W. Rep., 924; Heard v. Connor, 84 S. W. Rep., 605.·

*W. F. Boyette, in propria persona.*—The acts of H. H. Rowland in making and recording the plot marking streets and alleys, and showing the land in this controversy as a street, did not and could not give to the city of Tyler or to the public any right, title or interest in and to the strip of land claimed in this suit, because the fee to said land was not in H. H. Rowland at the time or subsequent to the time the plot was made and recorded. 12 S. W. Rep., 979; 12 S. W. Rep., 986; 28 S. W. Rep., 1056; 29 S. W. Rep., 760; 28 S. W. Rep., 770.

Before a city can set up any rights of control over property it must show that it has accepted the dedication of the property. And that a dedication was properly made. 3 S. W. Rep., 309; 6 S. W. Rep., 860; 12 Atl. Rep., 130; 32 Mich., 279; 12 S. W. Rep., 462; 44 S. W. Rep., 471; 85 S. W. Rep., 470.

NEILL, ASSOCIATE JUSTICE.—This suit was originally brought by appellant, a municipal corporation, against appellee for an injunction to restrain him from fencing that part of Twenty-first Street of the city of Tyler between Glade and Holland Streets and from using and occupying said portion of the street for his private benefit. Upon filing his answer the temporary injunction which had theretofore issued was dissolved by an interlocutory order of the court. Whereupon appellant filed its first amended original petition in the nature of trespass to try title for said part of the street; to which the appellee answered by a general denial and specially plead the three, five and ten years statutes of limitation. The case was tried before the court without a jury and judgment rendered in favor of appellee from which this appeal is prosecuted.

Even if the statute of limitations ran against a city in favor of an occupant of a portion of one of her public streets, there is not a scintilla of evidence tending to support any of appellee's pleas of limitation. The questions of fact, then, are whether the land in controversy is a part of Twenty-first Street of the city of Tyler and whether appellee is a trespasser upon it.·

The evidence shows beyond controversy that H. H. Rowland, formerly the owner of a certain tract of land upon which the premises in controversy are situated, made a plat of that portion of the city of Tyler where the land lies, laying the same out in blocks, streets and alleys numbering the blocks and designating the streets by name, and placed said plat on record in the county clerk's office of Smith County, intending to dedicate to the city of Tyler the streets and alleys shown by the

plat.    Among the streets so designated on the plat are Twenty-first, Glade and Holland.    After placing the plat on record he sold lots by it, and that portion of the land designated as streets, including Twenty-first Street, was used as streets by the public.    When this plat was made and recorded does not appear from the record; but it is apparent that it was made long before the appellee encroached, as hereinafter stated, upon the part of the land in controversy.    For a witness who lives on block 51 of the land designated by the plat, whose lot fronts on Twenty-first Street, testified that he had been living there sixteen years and that Twenty-first Street between Glade and Holland Streets had been used as a street all the time he lived there until the time Boyette closed it up.

The appellee owns block 25 designated on the plat made by Rowland. Twenty-first Street runs east and west just north of said block between Glade and Holland Streets which intersect it at right angles.    A fence, marking the north boundary line of block 25 was on the south boundary line of Twenty-first Street before Boyette bought the block.    In 1904, after appellee had owned the block a little while, he moved the fence from where it was and placed it on the north boundary line of Twenty-first Street, enclosing said street between Glade and Holland Streets. Previous to that time, Twenty-first Street was opened and had been ever since the Rowland addition of the city was platted and laid off and lots sold by it.    Indeed the appellee in his sworn answer, which was introduced in evidence, to appellant's petition for an injunction, admitted that during the year 1904 he closed up and fenced that part of Twenty-first Street of the city of Tyler, between Glade and Holland Streets, a distance of about 300 feet, and at said time moved his fence from its north boundary line so as to make the north boundary line of the street the north boundary line of his premises.    It is true that the appellee testified that the portion of the street which he so enclosed was never used as a street by the public.    But inasmuch as his testimony shows that he was away from Tyler from 1895 to 1903, such testimony is of little, if any, value.    However, under the law as we understand it, it is a matter of no moment whether such part of the street was used by the public or not. For, the proposition "that when an owner of land lays out and establishes an addition to a city and makes, exhibits and files in the county clerk's office a plat of said land, including in the plat streets and alleys, and sells the lots with clear reference to that plat, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege and advantage which the plat represents as belonging to them, as part of the town, and title vests in the city in order that it may keep said streets in such a condition as that the traveling public may with safety pass over and along said streets," asserted by appellant's counsel under its first and only assignment of error, is too well settled in this State to admit of question.    (City of Corsicana v. Zorn, 78 S. W. Rep., 924; Heard v. Connor, 84 S. W. Rep., 605; Sanborn v. City of Amarillo, and authorities there cited; 93 S. W. Rep., 473.)    In view of the facts and law applicable thereto, as stated, the District Court should have rendered judgment in favor of appellant.    Wherefore, its judgment is reversed and judgment here rendered in favor of the city of Tyler for the land in controversy.

*Reversed and remanded.*