KRUEGER, County Judge, et al. v. GULF, C. & S. F. RY. CO. (No. 7763.)

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1916. Rehearing Denied Jan. 25, 1917.)

1. DEDICATION ⊚⇒37—STREET—ACCEPTANCE— EVIDENCE.

Where a recorded map of a town designated a street on each side of a railway reservation as if extending over and across it, and where the street, running through the center of the town, had been used as a thoroughfare for more than 30 years by travelers on foot and horseback, and by wagons, except heavy wagons, there was an acceptance of the part of the street which crossed the railroad track.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 73, 74; Dec. Dig. ⊚⇒37.]

2. DEDICATION ⊚⇒19(5) — MAP OR PLAT — STREETS—EFFECT.

The laying out of a town into blocks, lots, and streets and the making of a plat showing such streets, which plat was acknowledged and recorded, and the sale of lots by reference to it, was a dedication of such streets to those purchasing the lots, and to the public.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 46; Dec. Dig. ⊚⇒19(5).]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Suit for injunction by the Gulf, Colorado & Santa Fé Railway Company against C. G. Krueger, County Judge of Austin County, Tex., H. Waak and others, County Commissioners, and Theo. Brosig, Road Overseer of the Public Highways in the Town of Sealy. Judgment for plaintiff, and defendants ap-

peal. Reversed, and judgment rendered for defendants.

W. I. Glenn, of Bellville, W. I. Hill, of Sealy, and C. G. Krueger, of Bellville, for appellants. Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellee.

LANE, J. This is a suit brought by the Gulf, Colorado & Santa Fé Railway Company, appellee, against C. G. Krueger, county judge of Austin county, Tex., H. Waak, H. Peters, J. E. Schaffner, and Herman Schroeder, county commissioners of said county, and Theo. Brosig, road overseer of the public highways in the town of Sealy, in said county, to enjoin and restrain them, their successors in office, agents, and attorneys, from opening Third or Main street in said town over and across the right of way of said appellee company.

Appellee alleged in its original petition that on January 23, 1880, Col. Walter Gresham and George Sealy platted and subdivided the land upon which the town of Sealy is located in blocks, lots, streets, and alleys, and reserved a strip of land 200 feet wide through said town for a right of way for a railroad; that they made a plat of said town site, acknowledged it, and had the same duly recorded in the deed records of Austin county, Tex., on the 9th day of April, 1880, and that all sales of lots were made by said Gresham & Sealy with reference to said recorded plat or map; that among others of said streets so laid out and designated is one known as Third or Main street; that the property of the Gulf, Colorado & Santa Fé Railway Company was designated upon said plat or map, and said Third or Main street did not extend through or across the reservation of said railway company; and that it was never intended by the then owners of said land prior to the dedication by them of said railway reservation, nor by said railway company, that said Third or Main street should extend through said reservation.

The defendants in their answer alleged that on January 23, 1880, the town of Sealy was laid out, platted, and a map thereof made, duly acknowledged in the manner and form required by law, and was recorded in the Deed Records of Austin County, Tex., in volume X on page 6; that at the time said town was laid out and platted the same was laid off in blocks, lots, streets, and alleys dedicated by the then owners of said land and premises upon which said town of Sealy is located; said streets and alleys were dedicated for public use and have been used by the public as streets and alleys for a great number of years; that said town as laid out had streets dedicated between the blocks running from north to south and from west to east as shown by said plat of said town; that in the center of said town, as platted is

a street 100 feet in width running from west to east across the right of way of plaintiff, which said street was designated and known as Third or Main street; that said street is the main thoroughfare of the town of Sealy, and has been the main thoroughfare of said town ever since the same was laid out, platted, and dedicated.

A jury was duly selected and sworn to try said cause, but after the pleadings of the respective parties were read, and all the evidence had been introduced, the trial judge, upon his own motion, withdrew the case from the jury and entered judgment perpetually enjoining and restraining appellants from opening or attempting to open a highway across appellee's railroad opposite what is known on the map pleaded by both parties as Third or Main street of said town of Sealy. From this judgment all of the defendants have appealed.

By appellants' first assignment of error it is insisted that in January, 1880, the then owners of the land upon which the town of Sealy is situated in Austin county, Tex., and before any town was located thereon, caused said land to be laid off into blocks, lots, streets, and alleys; and thereafter caused to be made a map or plat of said land so laid off, showing the then contemplated town of Sealy; that said map or plat was duly acknowledged by said parties in manner and form as required by law, and in a few weeks thereafter they caused the same to be duly recorded in the deed records of said Austin county; that said map or plat so acknowledged and recorded shows blocks, lots, streets, and alleys of the town of Sealy as laid off by the owners of said land, as contended by appellants; that said lots were sold to various persons, describing the same with reference to the streets as shown by said map or plat; that there was also shown on said map or plat a railway reservation in anticipation that the track, switches, and depot of the Gulf, Colorado & Santa Fé Railway Company would thereafter be constructed thereon; that said platted reservation is not inconsistent with the uses of the streets so platted, but consistent therewith; that said map is a written instrument, and by its terms and on its face it unequivocally and irrevocably extends and dedicates Third or Main street, in said town of Sealy, over and across said railway right of way; that said map is unambiguous in its terms and on its face, and shows that said Third or Main street was extended and to be extended over and across said railway right of way; that therefore the trial court erred in permitting plaintiff's witness Col. Walter Gresham to testify, over the objections of defendants, that it was not the intention of those who platted and laid out the town of Sealy, as shown by said map, to extend Third or Main street over and across said railway reservation, but that it was their intention that said Third street and all the other streets running from west

to east through said town should be opened only to, and not across, said reservation, because the map or plat so executed and recorded shows said town as it was originally platted into blocks, lots, and streets, and shows on its face that Third or Main street was laid out to extend from the western boundary of said platted town 100 feet in width across said railway right of way to its eastern boundary, and the same cannot be varied by parol testimony showing a different intention from that shown by the map or instrument itself.

If the contention of appellants, as shown by their first assignment, is sustained, it settles the issues presented by this appeal and requires at our hands a reversal of the judgment rendered in favor of appellee and of the rendition of a judgment in favor of appellants.

[1] Both parties pleaded the original map or plat of the town of Sealy, which was thereafter introduced in evidence by appellants. By said map or plat it is shown that the town of Sealy is laid off with its streets running practically from north to south and from west to east; that from its south boundary line to its north boundary line there is a distance of 2,300 feet; that a railway reservation is shown thereon extending through said town from south to north 200 feet in width. The streets running from west to east shown by said map begin on the north and are numbered from north to south consecutively 1 to 7, and shown to be 80 feet wide on each side of said railway reservation; that the part of same on one side of said reservation corresponds with the same on the opposite side thereof in every particular, as if but an extension of the same street, except Third or Main street, which is shown to be 100 feet wide on both sides of said designated railway reservation and is designated on the map as "3rd or Main street." The words "3rd or," as shown on the map, are on the west side of the said designated railway reservation, and the words "Main street" are on the east side thereof. All the other streets running from west to east are designated on the map as "1st," "2nd," etc.; these designating words or abbreviations appearing on the west side of said designated reservation only. On said map there appears the following:

"This map of the plan of 'Sealy' is hereby adopted and all sales of lots therein made by us will be made with reference to it.
"Walter Gresham.
"George Sealy."

We think the contention of appellants should be sustained. The undisputed evidence shows that Third or Main street runs practically through the center of the town of Sealy, and has been used as its main thoroughfare for more than 30 years, and that during all these years people traveling Third or Main street on foot or horseback often cross over said railway where said street is

shown on said map to cross the same, and that wagons sometimes cross over the said railway at said point, but that on account of the failure and refusal of the railway Company to erect a proper crossing over its track heavy wagons cannot cross at said point. We cannot agree with the contention of appellee that, although the public has used Third or Main street on both sides of the railway track for 36 years as the principal thoroughfare of said town of Sealy, it has done nothing to show that it had accepted, if acceptance was necessary, that part of said street which crosses said railway track. Such long and continuous use was, in our opinion, an acceptance of the entire street from its western to its eastern terminals.

In Ruling Case Law, vol. 8, p. 894, § 18, it is said:

"A plat is analogous to dedication by deed, and sometimes merely a variant phrase thereof, and likewise, closely allied to the doctrine of incidents and appurtenances to grants by deed, and to certain doctrines referable to the subjects of easements, private ways, and vendor and purchaser, is the doctrine of dedication by plat, whereby the owner of a tract of land is held to dedicate such portions thereof as are designated for public use on a plat with reference to which he sells lots out of the tract. Dedication by plat is a common method of dedicating streets, public sidewalks, and public parks and squares."

In Ruling Case Law, vol. 13, p. 25, in speaking of a dedication by plat, it is said:

"There is a complete dedication as against him, even though the street is not accepted by the public authorities, or is not opened and improved for public use, and such dedication is none the less serviceable on that account."

The case of City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924, is a case where it is shown that Mrs. Johanna Zorn was the owner of ten acres of land within the limits of the city of Corsicana. This land was divided into blocks, lots, and streets. A map was made showing said platted land, which was designated on said map as block 373. This map was caused to be recorded by Mr. Zorn in Navarro county's record of deeds, with the knowledge and consent of said Johanna Zorn. Thereafter lots were sold to various persons. The deeds by which said lots were conveyed called for, and said lots were described by reference to, said map. In that case our Supreme Court said:

"And the right thus passing to the purchasers is not the mere right that the purchaser may use these streets or other public places according to their appropriate purposes, but a right vests in the purchasers that all persons whatever, as their occasions may require or invite, may so use them. In other words, the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public, free from all claim or interference of the proprietor inconsistent with such use. * * *

"The effect of the deed, then, from Mrs. Zorn

and her husband to the different purchasers of lots in Zorn's addition, was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys for the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana, as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. Meier v. Portland [16 Or. 500] 19 Pac. 610, 1 L. R. A. 856; Elliott on Roads & Streets, § 118; Town of Derby v. Alling, 40 Conn. 410. It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance; for the right which vested in the purchasers of the different lots, and through them in the public, was irrevocable. It was not expected that the streets and alleys should all be opened at once, but, as is well known in the history of such transactions, many years might elapse before the settlement of that part of the city would require the use of such streets. In the case of Meier v. Portland, before cited, the court said: 'Nor does the proprietor or the purchasers anticipate that all the streets shown upon the plat will be immediately opened and used. It is generally known and understood that a large portion of them will not be required for use for many years after the town is laid out, that their necessity will depend upon its future development and growth, and that they will remain in abeyance until the public exigencies demand that they be opened and improved. Nor does the dedication impose any such burden upon the public as would imply that its acceptance might be refused.'"

See, also, Sanborn v. City of Amarillo, 42 Tex. Civ. App. 115, 93 S. W. 473; Meier v. Portland C. Co., 16 Or. 500, 19 Pac. 610, 1 L. R. A. 856.

[2] It is clear from what has been said that we have reached the conclusion that the laying off of the town of Sealy into blocks, lots, and streets, and making a map showing thereon such blocks, lots, and streets, and thereafter acknowledging such map, and causing the same to be recorded in the records of deeds of Austin county, and thereafter selling lots by reference to said map, was a dedication of such streets to those purchasing said lots and to the public. We also think that the use made of Third or Main street, as shown by the undisputed evidence, in connection with the dedication and map, was ample acceptance of said dedication, if such acceptance by the public was necessary under such circumstances.

We have also reached the conclusion that the undisputed admissible evidence in the case demanded at the hands of the trial court a judgment in favor of appellants dissolving the injunction theretofore granted by which they were restrained from opening said Third or Main street.

Having so concluded, such judgment is reversed, and judgment is here rendered for appellants.

Reversed and rendered.