**NORTH TEXAS TRUST CO., Inc., et al. v.
BRITTSON et al.   (No. 9726.)**

(Court of Civil Appeals of Texas. Dallas.
Jan. 9, 1926.  Rehearing Denied Feb. 6,
1926.)

1. **Appeal and error** ☞1100—No comment
   made on evidence on appeal from interlocu-
   tory order.

   Where appeal is from an interlocutory or-
   der, and case will later be tried on its merits,
   Court of Civil Appeals will refrain from any
   comment on evidence, except in so far as nec-
   essary to properly dispose of appeal.

2. **Injunction** ☞62(1)—Purchaser may enjoin
   vendors from use of lots contrary to repre-
   sentations.

   Where owner of land by map or other un-
   equivocal acts or declarations indicates that
   particular lot is to be dedicated to particular
   use of public or quasi public character, those
   who are thus induced to purchase lots in an
   addition may enjoin vendor from applying dedi-
   cated property to any other use.

3. **Injunction** ☞62(3)—Purchaser held en-
   titled to temporary injunction restraining
   building on lots reserved for park purposes.

   Where vendors, in selling lots in certain ad-
   dition, represented that certain lots therein
   would be reserved for park purposes, and later
   erection of residence was started thereon, pur-
   chasers were entitled to temporary injunction
   restraining such building till merits of case
   were decided.

4. **Injunction** ☞62(3)—Acceptance by city of
   dedication of lots for park purposes need not
   be shown in suit to enjoin building thereon.

   Purchasers of lots in certain addition, in
   suit to enjoin erection of residence on lots
   which common vendor represented would be re-
   served for park purposes, were not required to
   show acceptance of dedication by city or mu-
   nicipality, because right, which vested in pur-
   chasers of lots, and through them in public, is
   irrevocable.

Appeal from District Court, Dallas Coun-
ty; Claude M. McCallum, Judge.

Suit by W. F. Brittson and others against
the North Texas Trust Company, Inc., and
others, in which plaintiffs' temporary injunc-
tion, on defendants' motion to dissolve, was
continued in force until the trial of the
case on its merits. From this order, defend-
ants appeal. Affirmed.

Burgess, Owsley, Storey & Stewart, of
Dallas, for appellants.

Liveley & Dougherty, of Dallas, for appel-
lees.

LOONEY, J.  Appellees obtained the is-
suance of a temporary injunction, which,
on motion to dissolve, was continued in force
by the court until the trial of the case on its
merits.

Appellant the North Texas Trust Company
was the owner of Owenwood addition to
the city of Dallas, having platted the same
into lots, blocks, streets, etc., and sold to
appellees and others lots in the addition.

The contention of appellees is that the com-
pany, in laying out and platting the addition,
adopted a general plan or scheme for a re-
stricted residential district; that block M of
said addition, which is circular in form, was
reserved for business purposes; that a cir-
cular street, 50 feet in width, separates
blocks I and H from block M, completely
encircling the latter block; that lots 1, 2,
15, and 16 in the west end of block I, and
lots 12, 13, 25, and 26 in the east end of
block H, form four triangular tracts sur-
rounding block M; that the company rep-
resented to and agreed with appellees at
the time of their respective purchases, and as
an inducement, that block M was set apart as
a community or civic center for business
purposes; that lots 1, 2, 15, and 16 in block
I, and lots 12, 13, 25, and 26 in block H had
been set apart, reserved, and dedicated for
parks, to be perpetually used for that pur-
pose; and that no buildings or other struc-
tures or obstructions would be placed on said
lots; and that neither of same would be sold
or used for any purpose inconsistent with
their use as parks or public grounds; that
thereafter, the company, disregarding these
representations and agreements, conveyed to
appellant W. O. Barnett lot 2 in block I of
the addition, who, at the institution of the
suit, was engaged in erecting a large build-
ing to be used as a private residence on the
lot, and that the company was contemplating
the sale of other lots in the parks and the
erection of buildings thereon; and it was
further alleged by appellees that appellant
Barnett bought with full notice of the status
of said lots as parks, and of the rights and
interests of appellees therein.

Appellees sought and obtained a temporary
injunction restraining appellants and each of
them, their agents, contracts, mechanics, and
employés, from proceeding further with the
erection of said building, and from selling
or offering for sale, any portion of the land
constituting a part of the parks as above
mentioned.

The question presented for our considera-
tion is whether the trial court abused its
discretion in refusing to dissolve the tem-
porary writ.  Houston Electric Co. v. City
of Houston (Tex. Civ. App.) 212 S. W. 198;
Ward County, etc., v. Ward County, etc.
(Tex. Civ. App.) 214 S. W. 490; Beirne v.
North Texas Gas Co. (Tex. Civ. App.) 221 S.
W. 301; Sutherland v. City of Winnsboro
(Tex. Civ. App.) 225 S. W. 63; George v.
Jonesville Oil & Gas Co. (Tex. Civ. App.)
226 S. W. 445.

[1] In view of the fact that this appeal is

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from an interlocutory order, and that the case will hereafter be tried on its merits, we refrain from any comment on the evidence, except in so far as it is necessary to properly dispose of the appeal.

The evidence, as revealed by the record before us, shows with reasonable certainty that the appellant corporation dedicated or reserved the four lots at the west end of block I and the four lots at the east end of block H of Owenwood addition for parks or public grounds; that appellant Barnett purchased with full notice of the status of the lots as such, and of the rights of appellees therein.

[2, 3] The courts of this state have said that, where the owner of land, by a map or by other unequivocal acts or declarations, indicates that a particular lot or plot is to be dedicated or reserved to or for a particular use of a public or quasi public character, those who are thus induced to purchase lots in an addition take, as appurtenant, every advantage, privilege, and easement which was represented as belonging to or as a part of same. It is immaterial whether the lot or plot is dedicated to a public use or is simply reserved for a quasi public use, for, in either case, the vendor and those claiming under him with notice may be enjoined by the owners of lots in the addition from applying the dedicated or reserved property to any use other than that for which it was dedicated or reserved.

[4] Under such circumstances it is not necessary to show an acceptance of the dedication by the city or municipality, because the right which vested in purchasers of lots, and through them in the public, is irrevocable. Oswald v. Grenet, 22 Tex. 94; Lamar County v. Clements, 49 Tex. 347, 354, 358; Wolf v. Brass, 72 Tex. 133, 12 S. W. 159; City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924; Sanborn v. City of Amarillo, 42 Tex. Civ. App. 115, 93 S. W. 473.

As we find that the action of the judge complained of was justified by the law and evidence, no abuse of discretion on his part is shown. Therefore the order appealed from will be affirmed.

Affirmed.