## WILLIAMS v. FLORES et al.    (No. 7765.)

Court of Civil Appeals of Texas. San Antonio.
April 27, 1927.

Rehearing Denied May 25, 1927.

**1. Dedication ☞20(2)—Proprietor's declared intention to dedicate land for streets and park, with use for years by public, held to constitute "dedication."**

Intention by landowner to dedicate streets and park to public use, as evidenced by recorded deed declaring dedication of the "addition" to the public, referring to attached map, and by owner's representations to lot purchasers that ground had been so dedicated, together with use by public, *held* to establish "dedication."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dedication.]

**2. Dedication ☞61—Mandatory injunction would issue against individuals to compel removal of obstructions on public streets and park.**

Mandatory injunction would issue to compel individuals to remove fences and obstructions on and about land dedicated by the former owner and used for years by the public as streets and a park.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Wilson County; Covey C. Thomas, Judge.

Suit by Bell Williams against I. P. Flores and another. From the judgment, plaintiff appeals. Affirmed in part; reversed and rendered in part.

S. B. Carr, of Floresville, for appellant.
O. F. Burney, of Floresville, for appellees.

FLY, C. J. Appellant sought to obtain a mandatory injunction against I. P. Flores and J. J. Aldrete to compel them to remove their fences around a piece of ground known, in an addition to the town of Lodi, as "Washington Plaza," and the streets adjacent thereto, and to restrain them from inclosing the same. Appellant alleged that the plaza and streets had been dedicated to the public by means of a deed and plat signed by the owner, Jose Maria Roxo, and alleged that her lot had been bought with reference ·to said streets and plaza. Appellees in effect admitted inclosing the plaza and streets, but claimed that they had not been dedicated and pleaded that appellant had also fenced streets. The cause was heard without a jury, and judgment rendered ordering all obstructions to be removed from the streets, and confirming appellees in their inclosure of the plaza.

The facts show that in 1879, as appears from a deed, but in 1877 as indicated by the dates of acknowledgment and registration, Jose M. Roxo executed, acknowledged, and recorded a deed reciting:

"I have laid off and surveyed the land described in the above and attached map as an addition to the town of Lodi the streets and roads as laid off and described in said map. I hereby donate to the use and benefit of the public said 'addition to Lodi' being a part and upon the Arocha grant, part of the tract conveyed to me by Clemente Tejeda and wife, dated 12th of March, A. D. 1858, and being part of my homestead tract."

The map or plat referred to in the deed showed seven blocks not of uniform sizes, five divided into four lots each. One of the remaining blocks is marked "Plaza Washington," which has streets on three sides of it and adjoins another block not divided into lots on the northerly side, which is marked "Salvador Flores." South of the last-named block is block 5, lot No. 1 of which was sold to Edward Williams by Maria Engnacio Texada de Roxo, Pablo Coy, and Alfonso Coy, in June, 1881. In that deed the lot is described as having a front of 18¾ varas "to the plaza of said addition," and, further, to said map or plan "reference is hereby made for a more perfect description of the lot herein conveyed; said map or plan of said addition is recorded in Wilson county, Texas, in Book G, p. 299." For years the plaza was used for Mexican celebrations, and appellant used it in going across to the San Antonio road, on its northeasterly side. Ed Williams and his wife, Bell Williams, made their home on the lot after they bought it, in 1881, and continued to live there until his death. Appellant has lived there since. She swore that Roxo told them the plaza would always be kept there, just across a street from their lot. The deed to ·Williams was made by heirs of the original owner, described as "old man Roxo."

The streets could have been opened up by the court only on the theory of a dedication, and, if they were dedicated by deed and public use, the Plaza Washington was also dedicated by deed and use by the public. It is true that the plaza is not mentioned in the dedication deed specifically, but the map or plan is referred to in the deed, and the plaza is plainly marked thereon, and is referred to in the deed to Williams as being in front of the lot conveyed. No question was made in the trial court as to the title of the lot being in appellant, and the case was considered under the assumption that appellant owned the lot.

[1] The only question is as to whether the facts show a dedication of Washington Plaza as a park. The facts show an intention upon the part of the owner, in 1877, to dedicate the streets and park to public use, and the lots contiguous thereto were sold, not only with the records showing a dedication, but the owner by his representations confirmed that dedication. As said by the Supreme Court in Wolf v. Brass, 72 Tex. 133, 12 S. W. 159:

"To constitute a dedication so as to estop the proprietor and his privies there need not be a formal grant by deed, nor is it necessary that use by the public should be continued for so long a time as to raise the presumption of a grant. It is sufficient if there has been some act or declaration upon the part of the owner of the fee indicating unequivocally his purpose to dedicate and the public has used the property for the purposes to which the act or declaration of the proprietor indicates it was his intention to dedicate it."

It is also held in that case that, while technically speaking a dedication can be made to public uses only, but that, where land is conveyed with reference to streets or alleys not even yet opened on the vendor's land, an easement is created. It was held by this court in Gillean v. City of Frost, 25 Tex. Civ. App. 371, 61 S. W. 345, that the division of land into blocks, lots, streets, and lake and park, on a plat duly recorded, was, with declarations of dedication, sufficient to show dedication, and this would be good against the owner of the land, even though there had been no acceptance on the part of the public. Temple v. Sanborn, 41 Tex. Civ. App. 65, 91 S. W. 1095; Sanborn v. Amarillo, 42 Tex. Civ. App. 115, 93 S. W. 473. In the last-named case it was held that, where a block on the plat of an addition to a town was marked "park," and the plat was filed for

record and lots were sold by block and number as shown by the plat, there was a dedication of the park. A writ of error was denied in that case. This is the purport of all of the Texas decisions. Shelton v. Phillips (Tex. Civ. App.) 229 S. W. 967.

[2] The judgment is affirmed in so far as it ordered all obstructions removed from the streets, but is reversed as to the plaza, and it is the judgment of this court that a mandatory writ of injunction be issued as against J. J. Aldrete and I. P. Flores, commanding them to remove any and all fences or other property from or about or around Washington Plaza, and be perpetually enjoined from entering upon or in any manner interfering with the free use of said plaza by appellant and the public generally, and that they pay all costs in this behalf expended in this and the lower court.

Affirmed in part; reversed and rendered in part.