## DUGGAN v. BUCKNER et al.

### No. 2350.

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1941.

Rehearing Denied Nov. 6, 1941.

Hamilton, Lipscomb, Wood & Swift, D. A. Frank, Sr., and D. A. Frank, Jr., all of Dallas, for appellant.

McCraw & Holt, of Dallas, for appellees.

HALE, Justice.

Appellees, Murrell L. Buckner and wife and Nathan Lynch, instituted this suit in the district court of Dallas county on April 25, 1939, seeking to enjoin appellant, E. F. Duggan, from building a driveway, street or thoroughfare in a northerly direction across Lot 40 A of Turtle Creek Park Addition to the city of Dallas as a continuation of Arrowhead Drive. On July 15, 1939, after due notice and the hearing of testimony, a temporary injunction was granted by the trial court as prayed for, and on November 25, 1939, the order thus granting the writ was affirmed by the Court of Civil Appeals for the Fifth Supreme Judicial District with an unpublished per curiam opinion. On April 4, 1940, the case was tried on its merits before the court below without a jury and resulted in the issuance of a permanent injunction as prayed for. From this judgment an appeal was perfected to the Dallas Court of Civil Appeals and the cause has been transferred to this court for decision. A correct disposition of the appeal turns on whether the evidence adduced was competent to authorize the relief granted.

It was shown without dispute that appellant owned certain acreage which he platted into blocks, lots and driveways designated as Turtle Creek Park Addition to the city of Dallas and caused the same to be duly recorded in the Map and Plat Book in the County Clerk's office in Dallas County, which map is reproduced here:

Thereafter, on April 19, 1928, appellant conveyed Lot 1 and 10 feet off of Lot 2 in Block 1 of said addition by warranty deed to Mrs. Buckner as her separate property for a cash consideration of $10,500, and in 1930 he conveyed Lot 39, Block 4, of said addition for $8,075 to Ben H. Gallagher, who in turn conveyed to appellee, Lynch.

Each of the deeds from appellant contained stringent residential building restrictions which were made covenants running with the land. The purchasers improved their respective properties by building elegant homes thereon, and, with the knowledge and consent of appellant, they jointly planted Lot 40 A to flowers and shrubbery, beautifying and tending the same for approximately ten years. Appellant also maintained his home on Block 6 of said addition, with ingress and egress through Rock Creek Drive. It appears that the parties dwelt together as neighbors in harmony until appellant had an opportunity to sell Block 6 shortly before the institution of this suit.

Appellees alleged, in substance, that appellant exhibited to the Buckners and Gallagher a copy of the recorded plat of said addition prior to the time when they contracted to purchase their respective properties and represented to them verbally, in connection therewith, that Arrowhead Drive was a dead-end street and would so remain; that Lot 40 A would never be used for a street or passageway unless and until the city of Dallas or other constituted authorities should continue Arrowhead Drive in a northerly direction by condemnation proceedings, and that said purchasers might use Lot 40 A in any manner they saw fit, subject to the restrictions to be set forth in their respective deeds; that they relied upon said plat and the representations so made, believing that their properties would remain quiet, restricted and secluded, and but for such dedication and representations they would not have purchased and improved said properties; that appellant had recently gone upon Lot 40 A and removed the flowers and shrubbery therefrom, had removed a portion of the concrete curbing for a distance of 40 feet, had erected a fence thereon and unless restrained he would cause a street or thoroughfare to be constructed through said lot, thereby continuing Arrowhead Drive in a northerly direction in violation of their rights and to their irreparable injury and damage. They introduced evidence tending to prove the material allegations in their petition.

The trial court found specifically in the judgment appealed from that lot 40 A was a separate and distinct lot from Block 6, according to the filed and exhibited plat of Turtle Creek Park Addition; that Arrowhead Drive was a dead-end street; that Lot 40 A abutting Arrowhead Drive should not be used by the defendant, E. F. Duggan, for any purpose inconsistent with the plaintiffs' right to use and enjoy Arrowhead Drive as a dead-end street; that the defendant, Duggan, by exhibiting and causing to be exhibited a filed map or plat to the Buckners, and to Ben H. Gallagher, "together with other unequivocal acts, representations, declarations and conduct, created a covenant, right, privilege and servitude in the plaintiffs so that he (defendant) is not entitled under the testimony to use Lot 40 A as a thoroughfare, street or driveway, extending Arrowhead Drive in a northerly direction."

■ Appellant contends that the plat of the addition constitutes no ground for the injunction which was issued and that the parol testimony offered on the trial of the case as to his representations was inadmissible, incompetent and insufficient to ingraft an easement or servitude on Lot 40 A in contravention of the statute of frauds which was duly pleaded. While it is well settled that verbal testimony is inadmissible and incompetent, in the absence of fraud, accident or mistake, to vary, contradict or add to the terms of a clearly expressed written contractual consideration, we do not think the parol evidence rule has any proper application to the facts of this case. Not only was the plat duly recorded in the County Clerk's office in the book provided by law for that purpose, but a copy of the same was attached to each of the original contracts of sale and to each of the deeds executed by appellant. In our opinion, the verbal testimony of the various witnesses as to the alleged acts, representations and declarations of appellant did not operate to vary, contradict or add to the terms of the written contracts of sale or of the deeds of conveyance executed thereunder, but such testimony only tended to corroborate and explain the true intent and meaning of the parties to the transactions in issue as evidenced by the plat itself.

As will be noted from the plat, Lot 40 A is most irregular in shape and size. It abuts on Arrowhead Drive a distance of 45 feet, which is the exact width of the drive and is less than 45 feet in depth at any point. It is readily apparent from the map, even in the absence of any verbal testimony as to the representations made by appellant, that his purpose and intention in thus platting Lot 40 A as a separate parcel from Lot 1 in Block 1 and Lot 39 in

664

Block 4 was to make use of the same in some manner directly related to Arrowhead Drive. Certainly the parol evidence complained of was in nowise inconsistent with anything appearing on said plat, and we think such testimony only served to explain and clarify that which from the plat alone might otherwise have been vague, indefinite and ambiguous. We, therefore, hold that said plat and the parol evidence offered in connection therewith was admissible, competent and sufficient to sustain the express and implied findings of the trial court. Oswald v. Grenet, 22 Tex. 94; F. J. Harrison & Co. v. Boring & Kennard, 44 Tex. 255; Lamar County v. Clements, 49 Tex. 347; S. Parisa v. City of Dallas, 83 Tex. 253, 18 S.W. 568; Weynand v. Lutz, Tex.Civ.App., 29 S.W. 1097; Temple v. Sanborn, 41 Tex.Civ.App., 91 S.W. 1095; Williams v. Flores, Tex.Civ.App., 295 S.W. 212, error dismissed; Monk v. Danna, Tex. Civ.App., 110 S.W.2d 84, error dismissed.

Furthermore, we believe the evidence and findings were amply sufficient to authorize the court below, in the sound exercise of its equity powers, to grant the permanent injunction sought. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; City of Corsicana v. Anderson, 33 Tex.Civ. App. 596, 78 S.W. 261; Sanborn v. City of Amarillo, 42 Tex.Civ.App. 115, 93 S.W. 473; Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S.W. 1167; City of Kaufman v. French, Tex.Civ.App., 171 S. W. 831; Lowrance v. Woods, 54 Tex.Civ. App. 233, 118 S.W. 551; Santa Fe Townsite Co. v. Parker, Tex.Civ.App., 194 S.W. 487; North Texas Trust Company, Inc. v. Brittson, Tex.Civ.App., 279 S.W. 892, error dismissed; Gulf Refining Co. v. Dishroon, Tex.Civ.App., 13 S.W.2d 230.

Finding no reversible error, the judgment appealed from is affirmed.