ADOUE & LOBIT v. TOWN OF LAPORTE.

Decided December 10, 1910.

**1.—Vendor's Lien—Foreclosure—Innocent Purchaser.**

A judgment foreclosing a vendor's lien at the suit of an innocent purchaser of the notes, would be conclusive upon the rights of a municipal corporation, although not a party to such suit, claiming part of the land under a verbal dedication by the original vendor and vendee, of which dedication the plaintiff in the foreclosure suit had no notice either actual or constructive although he had used all proper diligence to discover persons asserting rights in the property and to make such parties defendants to the foreclosure suit.

**2.—Dedication—Record of Map—Insufficient Evidence.**

The record of a map of an annex to a town, when the map fails to show for what purpose a certain vacant plot of ground appearing on the map was intended, would not in and of itself amount to a dedication of such lot to public use as a park; and hence a mere reference to such map in deeds and releases by the owners of the annex would not amount to a dedication of said plot or space as a public park.

**3.—Same—Ratification.**

One can not be held to have ratified a dedication of ground to public use when he had no notice actual or constructive of such dedication.

**4.—Same—Evidence—Estoppel.**

Before the property of a citizen can be taken for public use without compensation upon a claim of gift or dedication, the facts relied upon to prove such dedication must be at least of such prima facie character as would reasonably induce the public or some member thereof to believe that such dedication had been made; and before any estoppel could arise by reason of such prima facie dedication, it must be shown that the public or some member thereof acted upon such prima facie dedication in such a way as to render it inequitable and unjust for the owner to deny the dedication.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Presley K. Ewing* and *Ewing & Ring,* for appellants.—Adoue & Lobit having acquired the purchase notes in question as innocent purchasers, and subsequently the superior title, and having foreclosed in the exercise of reasonable diligence without knowledge or notice of the parol dedication as found by the court, that dedication could not be enforced against them under the title they acquired by the foreclosure proceedings. Pierce v. Moreman, 84 Texas, 600, and cases cited; Marx v. Dreyfus, 26 S. W., 232, 853; Rogers v. Houston, 94 Texas, 403; Schuchman v. Borough of Homestead (Pa.), 2 Atl., 407, 409; 9 Am. & Eng. Ency. Law, 2d ed., p. 36, and note, and pp. 58, 60.

That there can not be ratification without full knowledge of the facts, see Halbert v. DeBode, 15 Texas Civ. App., 616, 630; see also Ramthun v. Halfman, 58 Texas, 551; 9 Am. & Eng. Ency. Law, 2d ed., 56.

That there can not be estoppel by adoption of maps and plats to assert the absence of what does not appear upon the maps or plats, and of which the party had no knowledge or notice, see Turner v. Furgeson, 58 Texas, 6, and 9 Am. & Eng. Ency. Law, 2d ed., 56, and cases cited.

That Adoue & Lobit, having acquired and foreclosed upon the reserved legal title, were entitled to prevail in this contest of title, unless the defendants affirmatively showed their right to equitable relief, see Pierce v. Moreman, 84 Texas, 596, and cases cited; Stone Land & C. Co. v. Boon, 73 Texas, 548; Moore v. Giesecke, 76 Texas, 543.

*P. H. Briant, A. R. Masterson, H. N. Atkinson* and *H. Masterson,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellee, a municipal corporation within the county of Harris, against B. Adoue and Joseph Lobit, composing the firm of Adoue & Lobit, to recover the title and possession of a tract of about 13 acres of land situated within the corporate limits of appellee town. The land in controversy is a part of a tract of 1,600 acres in the Johnson Hunter survey in Harris County. This 1,600-acre tract was owned by John A. and Nancy J. Caplen on March 10, 1892. On that date the Caplens conveyed all of said tract to A. M. York for a consideration of $21,775. Of this consideration $2,518 was paid in cash, and for the remainder York executed his several notes in varying amounts and payable in from one to six years respectively. To secure the payment of these notes a vendor's lien was expressly reserved in the deed executed by the Caplens to said York. All of these notes were assigned and transferred by the Caplens to appellants before their maturity to secure loans made Caplen by appellants. Upon the maturity of these loans the transfer of the vendor's lien notes above mentioned was made absolute by the Caplens, and they executed and delivered to appellants a conveyance of the title in the land held by them under the vendor's lien reservation in their deed to York. This conveyance was made in 1897. Thereafter, appellants brought suit to foreclose their vendor's lien against York and all of his record vendees and all persons in possession of any part of the 1,600 acres of land except those who had made settlement with appellants and obtained releases for the land held by them. Appellee was not a party to this suit. Judgment was rendered for plaintiffs in said suit, and at a foreclosure sale regularly held under said judgment appellants became the purchasers of all of the land sold, including the tract in controversy in this suit.

Appellee claims the land under an alleged dedication thereof for the purpose of a public park by Caplen and his immediate and remote vendees, which dedication was accepted by appellee town. It is also claimed by appellee that this dedication was ratified by appellants, and that appellants by their acts, after they acquired the superior title to the land, re-dedicated the property in controversy to the public use before stated.

The cause was tried in the court below without a jury, and judgment was rendered in favor of appellee for the title and possession of the property, with allowance to appellants of the value of their improvements as provided by articles 4814 and 4815 of the Revised Statutes.

The trial judge filed conclusions of fact and law. After finding

that Caplen and his vendee York and the vendees of York, after the sale to York by Caplen and prior to the foreclosure by appellants, "by their respective acts and declarations and their courses of conduct, made parol dedication to the public as far as they could of the land in controversy for the purpose of a park, and that the public prior to said foreclosure recognized and accepted such dedication," further finds that appellants "knew nothing of the dedication, as a matter of fact, until at or about the commencement of this suit, and I further find from examination of the decree in the foreclosure suit that a very large number of parties were made defendants, and from all the proceedings had in that case as revealed by the abstract of title, copies of the decree and other evidence, I conclude that counsel for Adoue & Lobit used all reasonable diligence to obtain an effectual foreclosure so far as an examination of the records in order to ascertain what parties were proper and necessary to that end. Having found that neither Adoue & Lobit nor their counsel had any knowledge, as a matter of fact, of any dedication of the property, I conclude that the fact that their counsel made no inquiry as to whether there had been such dedication does not, under the facts and evidence, militate against or weaken the conclusion above found as to the exercise of reasonable diligence.

"I find that neither Adoue nor Lobit personally ever made any examination of the records of Harris County to see anything about the property or what parties were necessary, and that everything was entrusted to their counsel.

"The defendants, Adoue & Lobit, shortly after said foreclosure and their purchase thereunder, through their tenants and agents, went into the exclusive possession of the land in controversy, and ever since then, down to the commencement of this suit, have been in the peaceable and adverse possession of the same, using and enjoying it, holding the same under a duly registered deed, to wit, said sheriff's deed, paying all taxes accruing thereon, including taxes to the Town of LaPorte, which it has accepted and appropriated through its officers, without objection.

"After said foreclosure and the purchase thereunder by defendants, until about the time of this suit, the adverse use and possession of the premises by defendants as absolutely theirs was acquiesced in without objection or complaint by the public or its organized representatives, the Town of LaPorte, said municipality meantime, as before stated, receiving and appropriating from defendants taxes on such land."

None of these conclusions of fact are attacked by appellee, and it is not contended that upon these facts appellee would be entitled to recover the land from appellants. Having purchased the notes or taken them as collateral security in due course of trade and for a valuable consideration before maturity and without actual or constructive notice of the dedication by Caplen and York, appellants would be protected as innocent purchasers in the right to subject all of the property covered by the vendor's lien retained to secure said notes, to the payment of said notes, and having in the foreclosure proceedings instituted by them used proper diligence to ascertain the claims of all persons asserting rights in the property and to make all such persons

parties to the foreclosure suit, appellee's right of redemption was foreclosed by the judgment in said suit. (Liddell v. Crain, 53 Texas, 555; Kauffman & Runge v. Robey, 60 Texas, 308; Marx v. Dreyfus, 26 S. W., 232; Baldwin v. Root, 90 Texas, 552; Rogers v. Houston, 94 Texas, 403.)

As before stated, appellee does not contend that appellants would be bound by the parol dedication found by the court to have been made by Caplen and York, of which appellants had no notice at the time they purchased the notes or at the time of the foreclosure and their purchase of the land under judgment of foreclosure, but it is insisted that the judgment should be sustained upon the conclusion of law of the trial court that appellants "by their deeds and releases and reference to the maps and plats of the property, ratified the dedication, and that under all the circumstances they are estopped to deny it; that the title to the property for the purpose of a park is vested in the corporation of the Town of LaPorte, subject to allowance for improvements as prescribed by the statutes." This conclusion is assailed by appellants upon the ground that it is not supported by the facts found by the trial court and established by the evidence. The fact conclusion upon which this conclusion of law is based is as follows:

"I further find that Adoue & Lobit executed certain deeds and releases describing the property so released and conveyed according to the maps and plots of the Town of LaPorte, which disclose and evidence the existence of Beach Park and its recognition by Adoue & Lobit. The maps and plots in evidence show Beach Park to be an annex or addition to the Town of LaPorte, and to comprise the land in controversy, besides other land, which annex or addition is platted and laid out and marked as shown by copy of map hereto attached, marked 'Exhibit A,' being the aforesaid map recorded in volume 83, pp. 596-597, of the deed records of Harris County."

The map referred to in this finding purports to be a map of an annex or addition to the Town of LaPorte called or designated "Beach Park," and while the land in controversy is shown thereon, there is nothing on any of the maps introduced in evidence to indicate that said land had been set aside for a public park or for any public use.

As found by the court, the map shows the subdivision of Beach Park annex into numerous blocks and lots. Near the center of said annex, and some distance from the land in controversy, there is a circular plot of ground marked "Park." The land in suit is an irregular shaped plot and lies along the beach front. As it appears upon said map it is unnumbered and unmarked except that it shows that a bathing pier with bath-houses at the end extends into the bay from this property, and at the shore end of this pier a dancing pavilion is shown.

We think it clear that the record of this map would not in itself amount to a dedication of the property in question to public use, and it necessarily follows that a mere reference to said map in deeds and releases executed by appellants would not be a dedication by them of the property in question.

The court having expressly found, and this finding not being ques-

tioned, that appellants had no notice of the parol dedication of the property by Caplen and his vendees, they can not be held to have ratified such dedication, for one can not ratify an act of which he has neither actual nor constructive. notice, and unless the record of the map in question is sufficient in itself to effect the dedication appellants have neither dedicated nor ratified the dedication of said property. We think the facts of this case easily distinguish it from the cases of the City of Corsicana v. Anderson, 33 Texas Civ. App., 596, and the case of Oswald v. Grenet, 22 Texas, 94, cited and relied on by appellee.

Before the property of a citizen can be taken for public use without compensation upon the claim of gift or dedication, the facts and circumstances relied upon to prove such dedication must be of an unequivocal character, or at least must *prima facie* be of such character as would reasonably induce the public or some member thereof to believe that such dedication had been made; and before any estoppel. could arise by reason of such *prima facie* dedication it must be shown that the public or some member thereof acted upon such *prima facie* dedication in such way as to render it inequitable and unjust for the owner to deny the dedication. No such facts are shown in this case.

As before said, we think the 'map is clearly insufficient to show the dedication. The acts of appellants conclusively show that it was never their intention to dedicate this land to the public, but they have at all times since they acquired the title thereto asserted ownership of the property in the most unmistakable manner by improving it, renting it, and paying the taxes thereon to the Town of LaPorte.

Having, as found by the trial court and as shown by the undisputed evidence, acquired the title to this property without any notice of the previous dedication, appellants should not be divested of their property upon evidence which is clearly insufficient to show any intention on their part to dedicate it to public use.

We are of opinion that the judgment of the court below should be reversed and judgment here rendered for appellants, and it has been so ordered.

*Reversed and rendered.*