### TOWN OF HOOKER v. MORRIS.

No. 11862—Opinion Filed Sept. 25, 1923.

**1. Dedication—Requisites—Intention.**

To constitute a dedication, either express or implied, there must be an intention to dedicate on the owner's part. A dedication, being a voluntary donation, is not presumed, but the clearest intention to make a dedication must be shown by the party alleging it.

**2. Same.**

Irrespective of how the dedication is claimed to be made, in order to constitute a valid dedication there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clearly and unequivocally manifested, whether the dedication is claimed by acts in pais or by solemn conveyance of record.

**3. Same—Plat and Articles of Dedication.**

To dedicate one's property to the public, may be expressed in a map or plat as by the clearest language; but when, as in this case, the written articles of dedication attached to the plat clearly dedicate the streets, alleys, and highways in the townsite addition, and make no mention of the "park" indicated on the plat, and no acceptance. is ever made of the dedication by the public, and the owner remains in continuous possession and occupancy, to the exclusion of all others, for a period of 14 years, such conduct on the part of the dedicator excludes the idea of an intention to dedicate to the public the property indicated on the plat as a "park."

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Texas County; Arthur G. Sutton, Judge.

Action by the Town of Hooker against Joe S. Morris. Judgment for defendant, and plaintiff brings error. Affirmed.

James E. Breslin and Embry, Johnson & Tolbert, for plaintiff in error.

Hunter L. Johnson, for defendant in error.

Opinion by JONES, C. This cause was instituted in the district court of Texas county, Okla., by the town of Hooker, Okla., a municipal corporation. plaintiff in error, plaintiff below, against J. S. Morris, defendant in error, defendant below, and is a suit to quiet title in plaintiff in and to blocks one and fourteen in the Murphy-Morris addition to the town of Hooker, Okla. Plaintiff alleges that in December, 1906, the defendant, J. S. Morris, was the owner in fee

simple of a tract of land containing 89.10 acres in the northeast quarter of section 33, township 5 north of range 17 E. C. M.; that the said J. S. Morris, acting with A. C. Murphy, who had some interest in the tract of land, caused said tract to be surveyed into lots and blocks, streets and alleys, as indicated by a certain plat, which was duly filed and recorded and duly certified by the owner thereof and by the surveyor who made same; that blocks one and fourteen on said plat and in said addition contained the word "Park," indicating thereby that said blocks one and fourteen were intended by the dedicator for use as a public park, and that the said Murphy and Morris dedicated said streets and alleys to the public, and further alleges that said blocks indicated on said plat as a "Park" have been accepted, treated, and considered by said town and the officers thereof, and the public generally, as being a public park, and that the plaintiff, the town of Hooker, has been in possession and control of said blocks one and fourteen of said addition ever since the filing of said plat for the purposes aforesaid; that the defendant, J. S. Morris, is now wrongfully asserting some title to, or interest in, said blocks one and fourteen, and that he is trying to use and occupy said blocks wrongfully, unlawfully and without the consent of the plaintiff; that such possession casts a cloud upon the title of plaintiffs and prays judgment decreeing said blocks to be a public park and the property of the town of Hooker and that the said J. S. Morris be barred and estopped from asserting any right, interest or claim in said premises.

To which petition the defendant filed his answer, in the nature of a general denial, and asserts title and possession and prays that the defendant's title be quieted as against the plaintiff.

This suit was instituted in the early part of 1920, and judgment was rendered therein in May, 1920, the cause having been submitted to the court without the intervention of a jury, on practically an agreed statement of facts. The court found in favor of the defendant and against the plaintiff; finding that the plat relied upon by the plaintiff and which was offered in evidence, was not sufficient to constitute a statutory dedication. From which judgment, the plaintiff appeals.

As above stated, the facts are practically agreed upon, save and except as to the effect of the plat, which is offered in evidence, and the articles of dedication attached thereto, in which the following declaration is made relative to dedication and is all that is said concerning the dedication:

"That the said A. C. Murphy and Carrie Murphy, his wife, and J. S. Morris, a bachelor, do hereby dedicate and set apart all of the streets, alleys and highways indicated on said plat to the use of the general public forever."

No specific dedication is made of blocks one and fourteen upon which the word "Park" is written. The undisputed evidence further discloses that at the time that Murphy conveyed his interests in said addition to Morris, the defendant herein, he conveyed all his interest in the lots and blocks not then sold and included blocks one and fourteen. The evidence further discloses that there was a misdescription of the land on the plat, and also in the instrument dedicating the streets and alleys to the public, in that the land was described as being a portion of section 30, when in fact it is in section 33, and subsequent to the filing of the plat and instrument dedicating the streets, alleys, and highways therein, a suit was instituted by J. S. Morris, defendant herein, in his own behalf and all others similarly situated, to wit, purchasers of lots in said addition, for the purpose of correcting the error in the description, and a judgment was thereafter rendered by the district court of Texas county correcting the error, in which we find this language in the journal entry:

"The court adjudges that Morris and members, for whom this suit was brought, owned all the addition, except that the streets and alleys laid out and dedicated in said Murphy-Morris addition to the town of Hooker, Oklahoma Territory, is now owned and possessed by the town of Hooker."

No mention is made to the effect that the town of Hooker was the owner of blocks numbered one and fourteen in controversy. The undisputed evidence further discloses that the blocks in controversy have been at all times occupied and controlled by the defendant; that soon after the said tract was surveyed and platted into lots and blocks, the defendant fenced the two blocks in question and set out trees thereon, and has continuously cultivated same and paid the taxes thereon, including the municipal taxes to the town of Hooker, for a period of about 14 years, and that no effort on the part of the town has ever been made to accept said blocks, if in fact ever dedicated, or exercise any control or dominion over same by its public officials until the institution of this suit.

Plaintiff in error makes numerous assignments of error, but the real contention and

issue to be determined is whether or not the two blocks of land in controversy, indicated on the plat filed as blocks one and fourteen, and also containing the word "Park," were ever dedicated to the public, as provided by statutory provision, or whether or not the facts are sufficient to constitute and sustain a common-law dedication, if in fact no specific dedication was made, and believing this issue to be decisive of the rights of the partes in this case, no further mention is made of the various contentions and assignments of error raised by the plaintiff herein. Plaintiff in error makes extended argument and cites many authorities in support of its contention that there was a specific dedication made as required by the statute, and that the fact that the word "Park" was written or printed on the map or plat of said addition, and upon the blocks in controversy, was sufficient to constitute a dedication to the public, and we find the case of Ramstad v. Carr (N. D.) 154 N. W. 195, cited, which, in many respects, is a case identical with the one at bar. We think however, it is distinguishable in that the evidence in the case cited, as adduced from the testimony of various witnesses, shows that the parties who purchased lots from the owner thereof, and the party who executed the certificate to the plat stated that at the time the purchases were made, the owner thereof called attention to the tract of ground within said plat designated as Lincoln Park, and held it out as an inducement to purchasers of lots adjacent thereto, and stated that it was a public park. That element is entirely lacking in this case. The evidence further shows in the case of Ramstad v. Carr that buildings and valuable improvements had been placed on lots adjoining the park, while in this case no evidence is offered of any improvements having been made in or about the lands in controversy, and while there was some evidence in the case of Ramstad v. Carr tending to show that the owner thereof had occupied a portion of the lands indicated as a "Park," and had permitted land-owners adjacent thereto to occupy same for the purpose of raising gardens thereon for the period of two or three years, there is no evidence of continued and exclusive occupancy such as the defendant seems to have enjoyed in this case uninterrupted for a long period of years. And while the court in the case of Ramstad v. Carr held that in that instance there was a dedication, it lays down the rule in the first paragraph of the syllabus, as follows:

"There can be no dedication, in the absence of an intent on the part of the owner to dedicate."

And further, in the second paragraph of the syllabus:

"Such intent, however, is to be ascertained from the acts of the owner, and not from the purpose hidden in his mind."

And we think the question of intent is the paramount issue here, and while the word "Park" written upon a block of land designated upon a plat is an indication that same might be dedicated to the public, we do not think the inference drawn is so strong that it cannot be overcome by proof of facts to the contrary. In the case at bar there was a specific dedication of all streets, alleys, and highways, and no mention made of a "park," and a similar provision is found in the case of Ramstad v. Carr, but no contention was made, nor was the court's attention called to the maxim of law, which we think applicable and has some bearing upon the construction of such a contract as to plats and articles of dedication thereto attached, to the effect that the express dedication of certain portions of the plat indicated as streets, alleys, and highways would at least have a tendency to exclude the idea that it was the intent of the owners to also dedicate certain tracts indicated on the plat of which no mention is made in the express proviso making the dedication. The rule, as we understand it, intends to exclude the idea of dedication as to tracts not mentioned. Pope, Legal Definitions A-1, volume 1:

"Expressio Unius Exclusio Alterius—The expression of one thing is the exclusion of another." 104 U. S. 25.

Corpus Juris, volume 18, pg. 52, announces the rule as follows:

"Irrespective of how the dedication is claimed to be made, in order to constitute a valid dedication, there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clearly and unequivocally manifested, whether the dedication is claimed by acts in pais or by solemn conveyance of record."

In the case of Wilson v. Lakeview Land Company (Ala.) 39 South. 303, we find this language:

"To constitute a dedication, either express or implied there must be an intention to dedicate on the owner's part. A dedication being a voluntary donation, is not presumed, but the clearest intention to make a dedication must be shown by the party alleging it."

Numerous other authorities are cited sustaining this rule. See Stover v. Steffey (Md.) 81 Atl. 33. In the case of Adoue v. La Porte, 58 Tex. Civ. App. 206, 124 S. W. 134, the Civil Court of Appeals of Texas said:

"The facts and circumstances relied upon to prove such dedication must be of an unequivocal character."

The same rule is announced in the case of People v. Reed (Cal.) 20 Pac. 708, and numerous other authorities cited.

Plaintiff in error further contends that, although the court should find that there was no specific statutory dedication of the blocks in controversy in said Murphy-Morris addition, the facts surrounding this case were sufficient to establish a common-law dedication; but clearly there is no evidence tending to support that theory. No contention is made that the property had ever been used by the public as a park in any particular, or at any time, and the evidence is undisputed that the defendant, Morris, has continually occupied and possessed same to the exclusion of all others; and that his occupancy and possession had never been questioned or molested in any way until the institution of this suit, and we are of the opinion that the facts as developed in this case show that there is nothing of record to indicate that the blocks in controversy were dedicated by the owner to the public, other than the fact that the word "Park" was written on each block, and the provision in the articles of dedication expressly dedicated streets, alleys, and highways and made no mention of the park. And the further facts that the owner, Morris, had at all times occupied and exercised dominion over said blocks to the exclusion of all others, paid the taxes thereon continuously, included the blocks in controversy in the purchase from his former partner, Murphy, and the recitals found in the judgment pertaining to the plat of this particular addition, including the blocks in controversy indicating that he had at all times treated same as his individual property, and while none of these facts alone would be sufficient to overcome the presumption that said blocks were dedicated to the public, by reason of being designated as a park on the plat, we think that all of them taken together are sufficient to turn the scales in favor of the defendant and sustain the judgment of the trial court, and we, therefore, recommend that same be affirmed.

By the Court: It is so ordered.