**CITY OF BROWNSVILLE v. WEST et al.**

No. 10921.

Court of Civil Appeals of Texas.
San Antonio.
March 19, 1941.

Ralph A. Dunkelberg, of Brownsville, for appellant.

West & Hightower and H. L. Faulk, all of Brownsville, for appellees.

MURRAY, Justice.

This suit was instituted by Wm. S. West and Margaret West Goodrich, joined by her husband, E. K. Goodrich, Jr., against the City of Brownsville, a municipal corporation, and the Brownsville Land and Improvement Company, a private corporation, seeking in a trespass to try title suit the recovery of 4.1 acres of land lying and being situated within the city limits of Brownsville, Cameron County, Texas.

The common source of title was the Brownsville Land and Improvement Company. The plaintiffs contended that they had acquired this land by warranty deed from the common source, and the City of Brownsville contended that the common source had dedicated this land, along with other land to the public and to the City of Brownsville for park purposes. The City of Brownsville had constructed an electric power highline across the land and prayed in the alternative that, in the event it was found not to be the owner of the land, it be permitted to condemn an easement across the land for the purpose of this highline. The plaintiffs prayed in the alternative that, in the event they were found not to be the owners of the land, they have judgment over and against the Brownsville Land and Improvement Company upon its warranty in the deed conveying the land to plaintiffs. The trial was to the court without the intervention of the jury and resulted in judgment for the plaintiffs for title and possession of the 4.1 acres of land, with the exception that the City of Brownsville was permitted to take and condemn an easement across the land for the purpose of electric wire highline, the City to pay the sum of $300 for this easement. From this judgment the City of Brownsville has prosecuted this appeal.

The City of Brownsville contends that the Brownsville Land and Improvement Company dedicated the land herein involved, together with other land, to the public for use as a park, when it filed a certain map and plat in the County Clerk's Office of Cameron County, on December 21, 1908. On the plat the land involved herein, together with other land, was marked "Proposed Park" and "Lake Ebano." The following is a substantial repro-

duction of a part of the plat showing the areas marked "Proposed Park" and "Lake Ebano":

and existing under and by virtue of the laws of State of Texas, does hereby declare that it is the owner in fee simple of

The plat also had the following statement written upon it:

"State of Texas }
"County of Cameron }

"Know All Men By These Presents, that the Brownsville Land and Improvement Company, a corporation organized

all the lands shown on the foregoing plat and that the said Brownsville Land and Improvement Company by authority of its board of directors have caused all of said land described and designated in attached certificate of Survey to be surveyed, subdivided and platted as shown by the fore-

going and here to attached map and plat, and that all streets, roads and alleys as shown on the plat are dedicated as streets, roads and alleys only to the public forever, but special reservation is hereby made on, along, through, over, beneath the streets, alleys, avenues and roadways, so herein dedicated and abutting acre tracts, for the purpose of constructing and operating telephone, telegraph or electric light poles and lines, electric, gasoline or steam railroads and street cars, sewers and gas pipes, canals, ditches and their appurtenances for irrigation or drainage purposes.

"In witness thereof the board of directors of the Brownsville Land and Improvement Company have caused these presents to be signed by its president and attested by its Secretary.

"Witness our hands this 21st day of December, 1908.

"Attest:

"Frank W. Kibbe A. C. Brokaw
 "Secretary President"

After the making and recording of the above map and plat the Brownsville Land and Improvement Company sold lots to various persons with reference to this plat. These deeds were accepted by the grantee and placed on record in the County Clerk's Office of Cameron County, but there is no other evidence that such grantees were led to believe that the land involved had been dedicated for park purposes, nor is there any evidence that such grantees would be injured or inconvenienced if the parcel of land marked "Proposed Park" was not established as a public park.

On May 14, 1926, Brownsville Land and Improvement Company conveyed a parcel of land to William S. West, described by metes and bounds, and being a part of the land shown on the plat as "Proposed Park" and "Lake Ebano." Also, on June 23, 1927, the same grantor conveyed to the some grantee a tract of land, described by metes and bounds, containing 3.3 acres, and being also a part of that land shown on the plat as "Proposed Park" and "Lake Ebano." William S. West paid a valuable consideration for these parcels of land, and conveyed parts of the land acquired by him to other persons, retaining for himself 4.1 acres. He later conveyed these 4.1 acres to his daughter, Margaret West Goodrich. When the plat was placed of record the land shown thereon was not in the city limits of the City of Brownsville, but twenty-three years later, to-wit, in the year 1931, the City of Brownsville extended its city limits so as to include the land shown by said plat. The City of Brownsville has never taken possession of the land shown on the plat as "Proposed Park" and "Lake Ebano," and has never done anything in the way of developing said land into a park, neither has there been any user of the same by the public as a park. The only act of possession ever committed by the City of Brownsville was the building of the electric power line across said land, in the year 1935, which is, of course, not in keeping with the use of same as a park.

The question here presented is whether or not the above facts are sufficient to show that the Brownsville Land and Improvement Company, by the making and recording of the map or plat above described, intended to and did dedicate the land marked "Proposed Park" and "Lake Ebano" to the City of Brownsville and to the public for public park purposes.

The rule is that a dedication is in the nature of a donation of one's land to the public for a public use without consideration, and therefore is never presumed but must be manifested either by a declaration or act which evinces the clearest intention on the part of the dedicator to presently set aside and appropriate a certain part of his land for a public use. Corpus Juris Vol. 18, p. 52, announces the rule as follows:

"Irrespective of how the dedication is claimed to be made, in order to constitute a valid dedication there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clearly and unequivocally manifested, whether the dedication is claimed by acts in pais or by solemn conveyance of record."

In Wilson v. Lakeview Land Company, 143 Ala. 291, 39 So. 303, it is stated:

"To constitute a dedication, either express or implied, there must be an intention to dedicate on the owner's part * * *.

"A dedication, being a voluntary donation, is not presumed; but the clearest intention to make a dedication must be shown by the party alleging it."

We have concluded that the plat made and recorded by the Brownsville Land and Improvement Company does not show a clear and unequivocal present intention on its part to dedicate to the pub-

lic, for the purposes of a park, the parcel of land marked upon the plat "Proposed Park" and "Ebano Lake." In the first place, there is a statement on the plat expressly dedicating all streets, roads and alleys shown on the plot, but no mention is made of the "Proposed Park." It would seem that the rule "expressio unius est exclusio alterius" should be here applied. The fact that the streets, roads and alleys are expressly dedicated, would exclude the idea that the "Proposed Parks" were also dedicated. In the second place, the words "Proposed Park" were used, instead of just the word "Park." This indicates that the intention to dedicate a park was prospective rather than present. In Galveston, H. & S. A. Ry. Co. v. City of Eagle Pass, 260 S.W. 841, Judge German, in speaking for the Commission of Appeals, stated that the showing of a street upon a plat by dotted lines, rather than black lines, indicated a prospective intention to dedicate such streets.

Furthermore, it is not clear from the map just what land is to be used for the proposed park. There are a number of white lines drawn around the words "Proposed Park" and "Lake Ebano." These lines are described by one of the parties as concentric lines and by another party as polycentric lines, but regardless of what may be the proper nomenclature they are confusing as to just where the proposed park is to be located, and as to just where "Lake Ebano" is located. There is parol testimony that these white lines have nothing to do with the boundaries of the proposed park, but are only intended to indicate a depressed area. If this be true, then we are still left in doubt as to whether the park was to cover the depressed area or all the land west of Ebano Boulevard, and as to how much of this land is to be used for a park and how much for a lake, and, further, whether only the park is dedicated or whether both the park and the lake are dedicated.

All of this indefiniteness supports the idea that the intention to establish a park was prospective only.

 The fact that while this plat had been on record more than thirty years and no one had ever attempted in any way to use this land as a park, and the further fact that the land was conveyed by the Company, by metes and bounds, to individuals, indicate that both the Brownsville Land and Improvement Company, the City of Brownsville, the County of Cameron, and the public generally, all considered that no park had actually been dedicated but only that a prospective intention to dedicate a park had been expressed. Galveston, H. & S. A. Ry. Co. v. City of Eagle Pass, Tex.Com.App., 260 S.W. 841; Hanford v. City of Seattle, 92 Wash. 257, 158 P. 987, Ann.Cas.1917B, 195; Town of Hooker v. Morris, 92 Okl. 194, 218 P. 869; Sanders v. Village of Riverside, 7 Cir., 118 F. 720.

■■ The City of Brownsville having alleged the dedication and relied upon it to defeat the regular chain of title held by plaintiffs, the burden of proof was upon it to establish by clear and convincing evidence that the dedication had actually been made prior to the time the land was deeded to Wm. S. West. The evidence is not clear that the land had been actually dedicated, and we cannot say that the trial judge's finding that there had been no dedication is contrary to the evidence.

The above holding renders it unnecessary for us to discuss the other questions presented. The judgment is affirmed.