**CITY OF ELSA, Appellant,**

v.

**Coy WEAVER, Appellee.**

No. 3317.

Court of Civil Appeals of Texas.

Eastland.

June 14, 1957.

Ewers, Cox & Toothaker, McAllen, for appellant.

Sawnie B. Smith, Edinburg, for appellee.

COLLINGS, Justice.

This is an injunction suit by the City of Elsa, Texas, against Coy Weaver. The city sought judgment requiring the defendant to remove certain gasoline pumps and equipment, which it contends are upon a public street dedicated by the defendant to the public, and to restrain him from thereafter obstructing said street. The case was tried before the court without a jury and judgment was rendered for the defendant. The City of Elsa has appealed.

Sometime prior to April 7, 1947, appellee Coy Weaver employed a civil engineer to prepare a plat and subdivide three acres of land owned by him in the City of Elsa. Appellee also owned an approximately one square acre tract upon which he operated a filling station and which was joined by the three acre tract on the east and south, making in all four acres, of which the one acre tract is the northwest quarter. It was stipulated:

> Weaver's Subdivision
> of
> N.W. 3.⁰⁰ AC. F.T. No. 536
> in
> West Tract Subdivision
> in
> Hidalgo Co., Texas
> April 7th 1947.  ◀
>      Scale 1″ = 50′
> License No. 3489
>      Elsa–Texas.

Sworn and subscribed to before me Jeanette Jones Notary Public in and for Hidalgo Co. Texas on this date of April 7th year 1947.
My signature: /s/ Jeanette Jones
Notary Public
Hidalgo County Texas.

Jeanette Jones
Mercedes, Texas.    April 7th 1947.
        License No. 3489

"—on April 6, 1947, the only part of said northwest one square acre that had been dedicated to the public as a roadway and that was included in what is now known as and called Broadway Street was the West thirty (30) feet thereof and that the only issue in this case concerning the part of said northwest one square acre that is now in said Broadway Street is whether or not the defendant herein did after April 6, 1947, dedicate an additional five (5) feet off of said one square acre to the public for road or street purposes so as to make the portion of said one square acre now included in Broadway Street the West thirty-five feet of said one square acre."

The following is a substantial copy of the subdivision or plat made and filed by the engineer on April 7th, 1947, and introduced in evidence as plaintiff's exhibit no. 3:

State of Texas  }
County of Hidalgo  }

This is to certify that I, J. W. Harrison, Licensed Engineer of Mercedes, Texas have subdivided, staked and mapped the three acre tract of Coy Weaver in N.W. Corner of F.T. No. 536 in the West Tract Subdivision of Land's of the American Rio Grande Land and Irrigation Co. in Hidalgo County, Texas. This is a true and correct map from which present erroneous deeds can be corrected and again recorded. All in agreement on partition line between L. I. Wilson and Weaver Subdivision as herein set out.—(Harrison old cor. pins–)  Dated this 7th day of April, Year 1947.
My signature: /s/ J. W. Harrison
        Licensed Engineer
        Mercedes, Texas.

            April 7th 1947.

L.I. WILSON SUBDIVISION

Filed April 14, 1947    3:20 p.m.

The filing and recording of the above plat is claimed by appellant, the City of Elsa, to have constituted a dedication of the five foot strip in question and to add five feet to the east side of the street now known as Broadway Street, which runs north and south along the west side of the said one acre tract. The plat, as filed and recorded, was not signed or acknowledged by Coy Weaver and there is no rec-ord that any instrument of dedication in connection with said plat was ever filed by Weaver. Thereafter, on April 16, 1947, Coy Weaver executed, acknowledged and delivered a deed to one Jesse W. Cleveland conveying land described as "lots 11 and 13 of Weaver's Subdivision of the N.W. 3 acres of Farm Tract No. 536—." This deed makes no reference to any map or plat unless by implication by

the reference to Weaver's Subdivision. It is to be noted that although shown on the map the one acre tract upon which appellee operated his filling station was reserved and not included in the subdivision.

In this state a dedication may be either statutory or common law. Appellant admits that the plat in evidence does not comply with the provisions of Article 974a of Vernon's Annotated Civil Statutes concerning platting and recording subdivisions or additions and does not claim a statutory dedication.

Appellant's contention, as we understand it, is, in effect, that the plat of the three acre subdivision clearly shows a 35' right of way from the center of the street on the west side of the reserved one acre filling station tract; that the thirty-five foot right of way strip as shown on the plat includes the five foot strip in controversy; that the filing of the plat, although not in compliance with the statutory requirement, constituted an offer by Weaver to dedicate to public use the five foot strip together with any streets and alleys shown; that the purchase of lots 11 and 12 of the subdivision by Jesse W. Cleveland and Weaver's deed conveying the same with what appellant contends is a reference to said recorded plat constituted an acceptance of the offer to dedicate which thereupon became irrevocable; that Weaver is estopped to assert that the five foot strip in question was not dedicated to public use and that the City of Elsa thereby acquired the right to take possession of the street shown, including the five foot strip, when public necessity demanded.

In the absence of an express dedication of the land to public use an offer or tender of dedication and an acceptance are essential elements to a valid dedication. The proof of the intention to dedicate must be clear, unequivocal and inconsistent with any other result. 14–B

Tex.Jur. 341, 360; City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601; City of Brownsville v. West, Tex.Civ.App., 149 S.W.2d 1034; City of Houston v. Scott Mfg. Co., Tex.Civ.App., 45 S.W.2d 270 (Writ Ref.).

This record, contrary to appellant's contention, does not show that Weaver intended or offered to dedicate the five foot strip in question to public use, consequently, there could be no acceptance of the offer and no resulting dedication. The plat which appellant relies upon to show the intention or offer to dedicate the five foot strip shows the contrary. A thirty-five foot right of way is indicated on the west side of the one acre tract but this does not show an intention 'to dedicate the five foot strip in question when considered with the plat as a whole. An examination of the plat as a whole shows that the five foot strip is a part of the one acre tract which is reserved from and not included in the subdivision. The most reasonable interpretation of the indicated thirty-five foot right of way on the west side of the one acre tract is that it was merely descriptive of the roadway abutting land which was reserved and not included in the subdivision. The descriptive is unaided by any words or instrument of dedication and is in conflict with specific language appearing on the plat. A clear intention or offer to dedicate the five foot strip, inconsistent with any other result, is not shown. 14–B Tex.Jur. 360. If the record does not show, as a matter of law, an absence of any intention by Weaver to dedicate the strip, there can be no question but that the evidence would support an implied finding to that effect. In support of the judgment such a finding is presumed.

We overrule appellant's contention that the filing of the plat in question, although not in compliance with the provision of Article 974a, supra, constituted an offer by Weaver to dedicate the five foot strip for public use as a street. The trial court

did not err in entering judgment for appellee, Coy Weaver.

The judgment is affirmed.

GRISSOM, C. J., and LONG, J., concur.