Opinion filed November 30, 2015



In The

# Eleventh Court of Appeals

_____

No. 11-13-00309-CV

_____

## DOUGLAS BLACK AND ROBIN BLACK AS TRUSTEES OF THE BLACK FAMILY TRUST, Appellants

V.

## DAVID CHILCOTE, ASHLEY CHILCOTE AND MARY KING F/K/A MARY COX, Appellees

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV1107265A

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment entered in favor of David Chilcote, Ashley Chilcote, and Mary King f/k/a Mary Cox. In that summary judgment, the trial court held that a certain tract within Oakdale Acres First

Extension Subdivision in Brownwood was a public park and recreation area as the result of the implied dedication of the tract as a park and recreation area. The trial court also ordered Appellants—Douglas Black and Robin Black as trustees of the Black Family Trust—to remove obstacles that prohibited access to a lake located within the area, and it permanently enjoined Appellants from interfering with the use of the area in the future. Because we find that Appellees did not conclusively prove—or prove as a matter of law—that the park and recreation area was impliedly dedicated to the public, we reverse and remand.

In 1958, Bennett and Forbess, Inc. filed a residential subdivision plat of Oakdale Acres First Extension with the City of Brownwood. The plat included streets, residential lots, and an area labeled "Park and Recreation Area." A written document that accompanied the plat contained this provision: "The streets as shown by said plat attached are hereby dedicated to public use forever." The Brownwood City Council approved the plat in 1958.

In 2010, Appellants purchased property within the subdivision from Chloe Bennett. Although it is claimed that Chloe Bennett was Herman Bennett's widow, that fact does not appear in the summary judgment record. The deed from Chloe to Appellants described certain property and included the property shown on the subdivision plat as a "Park and Recreation Area." It is also claimed that this property was property upon a portion of which Herman and Chloe had their residence. But, again, there is no summary judgment proof to that effect. Appellants subsequently enclosed the area with cattle panels and placed "no trespassing" signs in various places around a lake that, at some point in time, had been built on the property.

After Appellants fenced in the area, Appellees filed a suit for declaratory judgment in which they sought a declaration that the "Park and Recreation Area" was public property. Appellees additionally pleaded causes of action for breach of contract and trespass, and they also asked the trial court to issue a permanent

2

injunction regarding interference with the use of the area. In their answer, Appellants took the position that, although the streets in the subdivision had been dedicated to the public in accordance with the plat, the park and recreation area had not been so dedicated. They also claimed that the City of Brownwood had never accepted the park and recreation area as a public park.

Appellees filed a traditional motion for summary judgment as to part of their claims. The basis of the motion was that, "[b]ecause the Park and Recreation Area was dedicated for public use through the filing of an official plat and map, [Appellees] are entitled to use the land, including the lake." Appellees' claim is that, after the lots in the subdivision were sold in reference to the filed plat, the "Park and Recreation Area" was irrevocably dedicated to the public forever. As we have said, after the trial court heard the motion, it granted the motion and ruled that Appellees had conclusively shown that the park and recreation area had been impliedly dedicated to public use. The trial court also permanently enjoined Appellants from interfering with the use of the park and recreation area. Shortly thereafter, by agreement, the trial court severed the claims covered by the partial summary judgment from the remaining claims in the suit and, thus, caused the partial summary judgment to become final and appealable.

In Appellants' first issue, they argue that the trial court erred when it granted Appellees' motion for summary judgment because Appellees did not conclusively prove that the "Park and Recreation Area" had been impliedly dedicated to the public. In their second issue, Appellants maintain that, in any event, there is a genuine issue of material fact as to the elements required to show an implied dedication of the park and recreation area. In their third and final issue, Appellants take issue with various rulings that the trial court made in connection with objections that Appellees leveled at an affidavit filed as summary judgment proof by Appellants.

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *Id.* A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79.

First, we will review Appellants' claim that Appellees failed to conclusively establish that the park and recreation area had been impliedly dedicated to the public. Property may be dedicated to the public through an express or implied dedication. *See, e.g.*, *City of Elsa v. Weaver*, 304 S.W.2d 212, 215 (Tex. Civ. App.—Eastland 1957, no writ). Whether there had been an express dedication of the park and recreation area has not been made an issue in this appeal, and we need not discuss it.

Dedication occurs when the owner of land sets that land apart for a public use, coupled with actual or implied acceptance of the land for that use by or on behalf of the general public. *Panther Creek Ventures, Ltd. v. Collin Cent. Appraisal Dist.*, 234 S.W.3d 809, 813 (Tex. App.—Dallas 2007, pet. denied). To prove an implied dedication, one must show an intention to dedicate the property to public use, a manifestation and communication of that intention, and an acceptance of that dedication. *Id.*

The issue of whether there has been an implied dedication of property to the public is one that is normally a question of fact. *Lindner v. Hill*, 691 S.W.2d 590, 591–92 (Tex. 1985); *Aransas Cty. v. Reif*, 532 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.). It is essential to show that the owner of the property intended to devote the use of the property to public use. *Id.* An intent to dedicate property to public use is never presumed; rather, the one who claims that the owner of the property has dedicated it must show that the intention to dedicate was clear and unequivocal. *Ford v. Moren*, 592 S.W.2d 385, 390 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.).

Here, Bennett and Forbess, Inc. filed a plat of the subdivision. As we have stated, it attached the following dedicatory language to the plat: "The streets as shown by said plat attached are hereby dedicated to public use forever." Bennett and Forbess, Inc. said nothing in the dedication about the park and recreation area.

In *City of Brownsville*, the property owner filed a plat that depicted lots, streets, and an area that bore two labels: "Proposed Park" and "Lake Ebano." *City of Brownsville v. West*, 149 S.W. 2d 1034, 1035 (Tex. Civ. App.—San Antonio 1941, writ dism'd judgm't cor.). Specific dedicatory language accompanied the plat: "[A]ll streets, roads and alleys as shown on the plat are dedicated as streets, roads and alleys only to the public forever . . . ." *Id.* at 1037. The evidence showed that the owner of the lots within the subdivision later sold various lots to persons with reference to the plat. Nevertheless, the court held that the evidence did not show that there was "a clear and unequivocal present intention" to dedicate a park area when the language accompanying the plat made no reference to the "Proposed Park." *Id.* at 1037–38. The San Antonio court could not say that the trial court's finding was contrary to the evidence. *Id.* at 1038. Although the court analyzed other factors in coming to its conclusion, the court's discussion of the dedicatory language is both persuasive and instructive in this case.

To the same effect, and more recently, in *Baywood Estates*, an owner's certificate filed with a recorded plat contained language that "the streets, roads, alleys and easements as shown" are dedicated to the public forever. *Baywood Estates Prop. Owners Ass'n v. Caolo*, 392 S.W.3d 776, 781 (Tex. App.—Tyler 2012, no pet.). There was no reference to a park area that was labeled as such on the plat. *Id.* The Tyler court held that such evidence did not prove an intent to dedicate the park *as a matter of law*. *Id.* at 782. There was no mention of parks in the dedication, and the court reasoned that it could not presume that the term "easement," within the dedicatory language, included parks. *Id.* Consequently, the court held that the appellees failed to prove, as a matter of law, an intent to dedicate the park. *Id.*

In *Anderson*, the owner of property filed a plat of a subdivision. *Anderson v. Tall Timbers Corp.*, 378 S.W.2d 16, 23 (Tex. 1964). The plat depicted an enclosed strip of land that was marked "40' Easement." *Id.* at 17. Homeowners in the subdivision sued to enjoin the opening of the "40' Easement" as a public street. *Id.* The trial court granted a summary judgment in favor of the homeowners. *Id.* at 18. When the case ultimately reached the Texas Supreme Court, that court affirmed the summary judgment. *Id.* at 24. The plat contained a statement that the owner of the property "*dedicate[d]* to the present and future owners of said property, and to the public, *the use of the streets shown hereon*." *Id.* at 18–19. The court considered various factors in its decision that the easement had not been dedicated to the public, but it stated that "[t]he conclusive fact is that the easement tract in controversy was shown only as an easement and the easement areas shown on the plat were not dedicated to the public for any use." *Id.* at 21. In the discussion of its decision, the court referred to the reasoning of the San Antonio court in *City of Brownsville*:

> In the first place, there is a statement on the plat expressly dedicating all streets, roads and alleys shown on the plot, but no mention is made of the "Proposed Park." It would seem that the rule "expressio unius est exclusio alterius" should be here applied. The fact that the streets,

> roads and alleys are expressly dedicated, would exclude the idea that the "Proposed Parks" were also dedicated.

*Id.* at 22 (quoting *City of Brownsville*, 149 S.W.2d at 1038).

In reaching its decision, the court in *Anderson* also referred to the Dallas court's holding in *Fudge v. Hogge,* wherein the Dallas court took note that there "the streets, alleys and easements shown on the plat shall be dedicated to the public use forever." *Id.* (quoting *Fudge v. Hogge*, 323 S.W.2d 663, 666 (Tex. Civ. App.—Dallas 1959, no writ)). The controversy in *Hogge* involved the public nature of a lakesite. *Hogge*, 323 S.W.2d at 665. The lakesite was not mentioned in the dedicatory language filed with the plat, and such omission was construed to mean that the lakesite was excluded from the dedication. *Id.* at 666.

Appellees partially rely on *Sanborn v. City of Amarillo*, a trial on the merits, to support their motion for summary judgment. *Sanborn v. City of Amarillo*, 93 S.W. 473 (Tex. Civ. App.—Fort Worth 1906, writ ref'd). There, a plat that included a "Park" area was filed. *Id.* at 473. The court held that the sale of lots with reference to a filed plat that included an area designated as a park constituted an irrevocable public dedication of the park area. *Id.* at 474. But there was no dedicatory language accompanying the plat in *Sanborn*. *Id.*

The absence of such dedicatory language is an important distinguishing factor between *Sanborn* and the case now before us. *See id.* at 473–74. Here, to the contrary, as we have said, the filed plat included contemporaneously filed language that "[t]he streets as shown by said plat attached are hereby dedicated to public use forever." Unlike *Sanborn*, this dedicatory language, without more, could be seen to limit the dedication only to streets. *See City of Brownsville*, 149 S.W.2d at 1037–38. Again, as in *Anderson*, *Hogge*, and *City of Brownsville*, the park and recreation area was not included in the dedication here. *Anderson*, 378 S.W.2d at 22–23;

7

*Hogge*, 323 S.W.2d at 665; *See City of Brownsville*, 149 S.W.2d at 1037–38. Even if *Sanborn* is a correct application of the law under its facts, the omission of the dedicatory language distinguishes it from *Anderson*, *Hogge*, *City of Brownsville*, and the case before us. *See Anderson*, 378 S.W.2d at 22–23; *Hogge*, 323 S.W.2d at 665; *City of Brownsville*, 149 S.W.2d at 1037–38; *Sanborn*, 93 S.W. at 473–74.

Appellees further relied on *Maisen*. In *Maisen*, a plat was filed that included an area designated as "Terraced Park Area." *Maisen v. Maxey*, 233 S.W.2d 309, 311 (Tex. Civ. App.—Amarillo 1950, writ ref'd n.r.e.). The plat was filed with limited dedicatory language that included "streets, avenues, drives, and boulevards." *Id.* at 310. Relying on *Sanborn*, the court held that the Terraced Park Area had been publicly dedicated. *Id.* at 309–14. But the circumstances in *Maisen* included more than just the notation on the plat, and the evidence showed that the lawsuit was against the original owner who platted the subdivision; that the owner used miniature maps to sell lots in the subdivision; that the miniature maps showed the park set in shrubbery; that the owner spread topsoil on the area; that the owner planted 220–250 trees on the area and kept them watered; that the owner kept the area clean and level; that there was direct evidence to show that the owner represented the park area to be a public park; and that, among other things, there was direct evidence that the owner's representations helped induce the sale of the lots. *Id.* Further, the area shown on the plat as the Terraced Park Area was marked by fixed boundaries on the plat as well as on the ground. *Id.* On the ground, the area was completely surrounded by a concrete curb and a paved boulevard sixty feet wide adjacent to the outer rim of the park area. *Id.* The owner installed the curbing and the boulevard. *Id.* Further, there, the owner attached a plat to the dedication deed. *Id.* The dedication deed contained a statement that the owner desired "to impress upon said land, the map and plat." *Id.* at 310. The dedication deed also contained language that dedicated the "public ways" and "easements." *Id.* The more general dedication, as well as the

8

actions taken by the owner, appeared to cause the court there to write that "[a]ppellant [owner] cannot now consistently disregard the record he made *and* the physical improvements he placed on the grounds in developing the park area for public use." *Id.* at 312 (emphasis added).

To the contrary, in the case before us, we have no such evidence as would amount to a conclusive showing that the property had been impliedly dedicated to the public. The summary judgment evidence here included three deeds and no others—the two deeds to Appellees and the deed to Appellants. Although in each of these deeds the grantors made reference to the plat, mostly to locate calls within metes and bounds descriptions, none of those deeds were executed by the owner of the property at the time of the filing of the plat. Those references in subsequent deeds do not constitute an expression of intent to dedicate the park and recreation area to the public at the time that Bennett and Forbess, Inc. filed the plat. We note in passing that the deed to the Chilcote Appellees is made subject to the "[r]ights of others, *if any*, to use and enjoyment of the land by virtue of its designation as part of the 'Parks and Recreation Area' shown on the plat" (emphasis added).

The summary judgment evidence also includes two affidavits: one by Christopher Stephens and another one by all three Appellees. Appellees aver that they looked at the plat before they decided to purchase a lot in the subdivision. They also relied upon the representation that the lake was within a park and recreation area and would always be available. The affiants do not say who made that representation. Appellees state that they, and others, routinely made use of the lake.

In his affidavit, Stephens states that he is familiar with the subdivision and that Herman Bennett marketed and sold lots in the subdivision as lakefront property. He testified that Bennett told him that the lake was built "for the benefit of the adjacent property owners and that it could be used by the adjacent property owners and others." Although this language is not such as would include the general public,

9

as opposed to adjacent property owners, Stephens knew of no one whom Bennett had excluded from the lake. He also said that Bennett never claimed ownership of the lake and that it was always open and available for use. Many people used and enjoyed the lake for many decades.

The summary judgment evidence also contains the plat and the dedicatory attachment to it. Again, although the plat shows the park and recreation area, the dedicatory language reads: "[T]he streets as shown by said plat attached are hereby dedicated to public use forever." *Anderson*, *Baywood Estates*, *Hogge*, and *City of Brownsville*, among others, instruct us that such language by itself does not conclusively prove an intent to dedicate to the public. *Anderson*, 378 S.W.2d at 22; *Baywood Estates*, 392 S.W.3d at 781–82; *Hogge*, 323 S.W.2d at 665; *City of Brownsville*, 149 S.W.2d at 1037–38. Actually, such language could indicate a contrary intent. *City of Brownsville*, 149 S.W.2d at 1037–38.

We believe that the summary judgment evidence in this case does not rise to the level that we can say that Appellees have conclusively proven that the park and recreation area had been dedicated to public use. We note that we are not to be taken as holding that the "Park and Recreation Area" was or was not either expressly or impliedly dedicated to the public. Also, we are not to be taken as holding that the summary judgment evidence, if presented to a factfinder, would or would not be legally and factually sufficient to support a judgment that the park and recreation area had been dedicated to public use. We simply hold that the summary judgment evidence before us is not enough to sustain the summary judgment holding that Appellees conclusively proved that the area had been dedicated to the public. Appellees did not show an implied dedication as a matter of law, and summary judgment on the issue was improper. We sustain Appellants' first issue.

Because we have sustained Appellants' first issue on appeal, we need not address the remaining issues. Tex. R. App. P. 47.1.

We reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.


JIM R. WRIGHT

CHIEF JUSTICE


November 30, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.